STATE OF IOWA v. J. K. CUMBERLAND, Appellant.

**Murder: Sufficiency of Evidence: Plea of Guilty.** Facts before and after the killing considered, and held to warrant conviction of murder in the first degree. (2)

**Capital Sentence: Presumption.** Code, section 3851, requires that on plea of guilty to an indictment for murder in the first degree, the court shall determine the degree by the examination of witnesses, and award sentence accordingly, but it does not require that the purpose of taking such testimony, or such determination shall be recorded; and where hanging is the punishment for murder in the first degree alone, a sentence of hanging raises a presumption that such degree of the crime was found. *McCauley v. U. S., Morris*, 641, *distinguished and criticised.* (1)

*Appeal from Shelby District Court.*—HON. H. E. DEEMER, Judge.

WEDNESDAY, MAY 9, 1894.

THE defendant was indicted for murder, pleaded guilty, and was sentenced to be hanged. He appeals. —*Affirmed.*

*Byers & Lockwood* for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the state.

KINNE, J.—I. The record in this case shows that the defendant and his wife, Josie Cumberland, were indicted for murder in the first degree. Defendant filed his written plea of guilty as charged, whereupon, on motion of the state, Josie Cumberland was discharged. Defendant also made a confession in writing, under oath, to the crime. When the day arrived for sentence, testimony was taken touching defendant's guilt, consisting of his confession, and the evidence of several witnesses, whereupon the court sentenced defendant to be hanged.

The defendant first contends that the law requires that, in a case where one pleads guilty to an indictment charging murder in the first degree, the court "proceed by the examination of witnesses, to determine the degree of the crime and award sentence accordingly." Code, section 3851. It is also claimed that such determination must be made a matter of record. Section 3849 of the Code provides what shall be or constitute murder in the first degree, and fixes the punishment "with death or imprisonment for life at hard labor in the state penitentiary, as determined by the jury, or by the court if the defendant pleads guilty." Under these statutes, in a case like that at bar, it is the duty of the court to hear evidence from which it may be able to determine the degree of the defendant's crime. It must also determine of what degree of the crime charged the defendant is guilty. Did the court below comply with the law in these respects? It is true the record fails to show for what purpose the evidence in this case was introduced. As, however, the court could only hear testimony for one purpose—"to deter-

mine the degree of the crime and award sentence ac-
cordingly''—the purpose of the examination is as
clearly made manifest as it would have been had the
reason for taking the testimony been entered of record.
Nor does the statute require the fact of taking testi-
mony, and the reason it is taken, to be entered of
record.   While the proper and better practice is to
enter of record the reason why the testimony is taken,
and the determination arrived at therefrom by the
court, yet such a duty is not enjoined upon the court by
the statute, and hence it was not error to fail to do so.
What we have said applies with equal force to the
claim that the record must show that the court found
the grade of the offense to be murder in the first
degree.   The statute does no more than to enjoin upon
the court the duty of ascertaining and determining
from the testimony the degree of the offense.   The
court is not required, after it has made such a determi-
nation, to enter the fact of record, although, as we have
said, it would be proper to do so.   Much reliance is
placed by counsel for appellant on *McCauley v. U. S.*,
*Morris* (Iowa), 641.   In that case the person had been
indicted for murder; in what degree, does not appear.
The statute reads: ''In all trials for murder, the jury
before whom such trial is had, if they find the prisoner
guilty thereof, shall ascertain in their verdict whether
it be murder or manslaughter, and if such prisoner be
convicted by confession in open court, the court shall
proceed by examination of witnesses in open court, to
determine the degree of the crime, and shall pronounce
sentence accordingly.''

It appears that in that case the defendant had
pleaded not guilty.   The prosecution had closed its
case, after which defendant withdrew his plea of not
guilty, and pleaded guilty, and was thereupon sentenced
to be hung.   No witness was examined after the plea
of guilty was put in, to ascertain the degree of guilt,

and no record of the court's decision was made. Because of the latter fact, the case was reversed. In the opinion it is said: "It is true, that, from the subsequent action of the court, there is a strong inference to be drawn as to that conclusion, which would have been sufficient to have sustained a judgment in a civil case; but, in a criminal—and especially a capital—case, greater precision is required." The court had no power to enter judgment of hanging, except for the crime of murder in the first degree. When, therefore, it entered its judgment, it, in legal effect, did determine the degree of the crime of which defendant was guilty. In any case other than one involving human life, no court would hesitate for a moment to hold that the judgment involved a determination of defendant's guilt of murder in the first degree,—as much so as if there had been a formal finding of the fact. Now, it is true that under the statute, on a plea of not guilty, and on a jury trial in such a case, the jury must ascertain and fix the degree of the offense. That is to enable the court to know what punishment to impose. But, when the duty of determining the degree of the offense is imposed upon the court, it is only required to hear evidence to enable it to determine the grade of the offense of which defendant is guilty, and award judgment accordingly. We are not inclined to follow the cited case, even if it should be held applicable under our present statute. Under section 4538 of the Code, we are required to disregard technical errors or defects which do not affect the substantial rights of the parties. The alleged error spoken of was of that character.

II.    Lastly, it is insisted that the testimony does not show that the defendant was guilty of murder in the first degree. The evidence shows without dispute that defendant killed James and Jasper Robinson with a deadly weapon; that these men were in the barn, some distance from the house; that defendant, armed

with a deadly weapon, left the house, and went to the barn, or toward it, for the purpose of meeting these men; that he then killed them; that he then secreted their bodies in the barn, and later took the bodies away, and buried them, and concealed all knowledge of what he had done.  True it is, in his confession, defendant claims the killing was the result of a quarrel, and in self-defense.  But we think, in view of all the circumstances disclosed in the evidence, the fact that the defendant claims he killed the men by shots from a revolver; that not only bullet holes were found through their heads, but also the skull of one had been crushed by a blow from some heavy instrument; the fact that defendant secreted the bodies, attempted to destroy all their clothing, falsely stated to parties that they had gone to another county; and many other facts and circumstances,—fully warranted the court in finding that defendant was guilty of murder in the first degree.  His acts after killing were not in accord with those of a man who acted in defense of his own person or life.

The importance of this case to the defendant and the state has caused us to give it the most careful consideration.  We discover no error, and the judgment below must be AFFIRMED.