STATE OF IOWA, Appellant, v. C. H. BURNS, Appellee.

**BURGLARY**: Elements of Statutory Offense.   The element of "sealing
1   or locking" is essential to the statutory crime of burglary described in Sec. 4794, Code, 1897, but is not an element of the other form described in Sec. 4791, Code, 1897.   On the other hand, an "intent to commit a public offense" is vital under said Sec. 4791 but not under said Sec. 4794.

**INDICTMENT AND INFORMATION**: Motion for Acquittal in Lieu of
2   Demurrer, etc.   When an indictment is demurrable, the accused:
   1.   May demur, and, if unsuccessful, and convicted, may repeat his grounds of demurrer in a motion in arrest of judgment; or
   2.   May omit the demurrer, and, if convicted, may move in arrest of judgment on the same grounds on which he might have demurred.
   *The accused may not omit to demur, and, at the close of the State's testimony, move for a verdict of acquittal on grounds which he might have presented by demurrer, or which will be available to him in a motion in arrest of judgment.*

**BURGLARY**: Breaking and Entering—Evidence.   Evidence held suffi-
3   cient to present a jury question on the issue whether an accused who was found in possession of goods stolen by means of a felonious

breaking and entering was the person who did said breaking and entering.

**TRIAL: Directed Verdict.** On the question whether a verdict was properly directed, the appellate court must determine whether testimony offered by the defeated party was properly rejected.

**EVIDENCE: Weight and Sufficiency—Nonpositive Identification.** Failure of a witness to *positively* identify an object does not necessarily deprive the witness's testimony of all probative force.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 23, 1920.

The defendant was indicted for breaking and entering. He was acquitted on direction of the court, and the State appeals.— *Reversed.*

*H. M. Havner,* Attorney General, *B. J. Powers,* Assistant Attorney General, and *A. G. Rippey,* County Attorney, for appellant.

*McHenry & Bowers,* for appellee.

SALINGER, J.—I. Appellee has not favored us with a brief. The indictment charges that the defendant willfully, unlawfully, and feloniously broke and entered a certain railway car, then and there in the possession and under the control of the United States Railroad Administration; that in said car goods, wares, merchandise, and valuable things were then and there kept for deposit and transportation by the Chicago & Northwestern Railway Company; and that the breaking and entering was with the unlawful and felonious intent to commit the public offense of larceny.

1. BURGLARY: elements of statutory offense.

One ground of the sustained motion to direct verdict was that the indictment does not charge any crime known to the statutes of the state, because the indictment was that the car broken into was the railway car of the Northwestern Railway Company, in which goods, wares, merchandise, and valuable

things were then and there kept for deposit and transportation, "and it does not charge, as the statutes require, that said car was at said time sealed or locked, as required by Sections 4794 and 4791."

Section 4794 of the Code makes it a felony if one unlawfully break and enter any railroad or express car containing goods, merchandise, or valuable things kept there for use, deposit, or transportation, when such car is sealed or locked. It may be conceded the vitals are unlawful breaking and entering into a locked or sealed car having said contents, and that, therefore, an indictment based on this statute must contain an allegation that the car was sealed or locked. Section 4791 makes it a felony (punished more severely than is a breach of Section 4794), to break or enter a car in which goods, etc., are kept as aforesaid, or to merely enter such car in the nighttime, if breaking and entering, or entering in the nighttime, is done with intent to commit any public offense. In Section 4794, sealing or locking is essential, but it is not an element in Section 4791. In Section 4794, intent to commit a public offense is not vital. It is vital in Section 4791. This indictment does not charge the presence of lock or seal, and does charge intent to commit larceny. It seems clear, therefore, that it is based on Section 4791; wherefore, it is not a defect that it omits the allegation that the car was under seal or lock.

Be that as it may, it is settled in *State v. Gardner*, 174 Iowa 748, at 763, that a challenge by what is, in effect, a motion to direct verdict, is not orderly practice, is unfair to the State; and

2. INDICTMENT AND INFORMATION: motion for acquittal in lieu of demurrer, etc. that, because attack upon indictment is permitted by demurrer or motion in arrest of judgment, defendant may not decline to use his right to demur, nor anticipate his right to proceed by motion in arrest, and substitute for both a request which, if granted, will work an acquittal. As the motion to direct verdict was sustained generally, we must assume that the ground thereof which we have just been discussing was sustained. And for the reasons stated, we are constrained to hold it was error to sustain this ground of the motion.

II. The motion asserts further that there is no testimony that anyone saw defendant in the act of breaking or entering

the car; that the only evidence of that fact is finding a sack of sugar stolen from the car in the possession of defendant "some time afterwards;" that, under the law, the finding of stolen property in such possession cannot be prima-facie evidence of breaking and entering, unless it be made to appear further that the larceny and the breaking and entering were "one and the same event;" that the evidence shows that, in one instance, the car remained open,—"that is, so far as the seals were concerned, broken, for a period of almost 24 hours,"—and shows, in another instance, "from about 6 in the evening until 9 or 10 o'clock that night."

*3. BURGLARY: breaking and entering: evidence.*

2-a

In reviewing whether a verdict was rightly directed, we must, for one thing, consider whether any testimony for the party against whom the verdict was directed was erroneously excluded; must determine whether the direction was proper, had all proper testimony been received. *Campbell v. Park*, 128 Iowa 181.

*4. TRIAL: directed verdict.*

It was a material question whether a certain bicycle, known in the record as Exhibit 1, was the property of the defendant. The State attempted to show such ownership by one Woolf. This witness was unwilling to be positive, and, among other things, said: "I would not swear that it is the bicycle." While this is so, it appeared that Woolf had been employed by the same railroad that employed defendant; that he knew defendant; that he had known him about three years; had seen him ride a bicycle similar to Exhibit 1 almost every day; and that, while witness wouldn't say defendant rode that one, it looked like the one. All his testimony was stricken, on the objection that the answers were not responsive. The objection that was interposed was untenable, because such objection lies only in the mouth of him who interrogates. But, since the objection was sustained, we must approve the ruling, no matter what the objection made was, if the objection be good for any reason. No reason is suggested, except the aforesaid refusal of

*5. EVIDENCE: weight and sufficiency: non-positive identification.*

witness to say, in terms, that Exhibit 1 was the bicycle that had been ridden by defendant. We hold that the potency of the testimony given was for the jury, and not for the court. The jury should have been permitted to consider this testimony as a whole, and to say what weight it was entitled to, in view of the declination of the witness to be positive. In fewer words, the court determined, as a matter of law, that this testimony was entitled to no weight, and we hold this was error, because the weight of this testimony was for the jury.

III. The jury could find the following facts: The car had not been broken between 6 and 7 in the evening of the day on which it arrived in Des Moines. A day later, and between 6 and 9 in the evening, it was discovered that the seal on the car was broken. The discovery was made by witness Brothers, who had known defendant for some time. After Brothers had re-sealed the car, he left, and returned between 8 and 9 o'clock in the evening. He heard a bicycle rattling on the hard road, about 10 or 10:30. It stopped. He saw the shadow of a man, and went after the man. At this time, it was so dark he couldn't see who the man was. He jumped into his machine, and passed the man. He knew who it was when he passed him; that the two got under a light, so the witness could be sure. On being called on to stop, the man did stop, and under the light. In a word, if the jury believed this witness, he saw defendant under the light; the latter was then riding the bicycle Exhibit 1; and, as already indicated, the jury could believe, on the testimony of Woolf alone, to say nothing of the testimony of others, that said bicycle belonged to defendant. A 100-pound sack of sugar, bearing the same brand as the sugar in the car, and stolen from it, was in the carrier of the bicycle. Defendant jumped from the bicycle, and abandoned it and the sugar, and Brothers took both to the special agent's house. When Brothers "hollered" to defendant to stop, he let the wheel go, and ran away, abandoning both wheel and sugar. Brothers immediately made search and inquiry for defendant, and was unable to find him. He disappeared, at least for a time, and never returned to his work with the Northwestern Railroad.

Grant the jury could have found that the seal was broken 24 hours before Brothers discovered the breaking. We think it

could, under all the circumstances disclosed in the evidence, have found that the breaking was done shortly before the sugar was stolen by defendant. Grant that the isolated fact of finding this sugar in the possession of defendant might not be sufficient to establish that, in addition to stealing the sugar, he broke the car for the purpose of effecting the larceny. But that fact is not isolated, and the jury could fairly find, on the evidence as a whole, not alone that defendant stole the sugar, but that all the circumstances indicated that, since the breaking existed, and property was stolen from the car whose seal had been broken, the person running away with the sugar stolen from the car had done the breaking. We are not dispensing with the requirement that an indictment such as this must be sustained, not only by proof of larceny, but by proof of entry with purpose to commit larceny, but are holding that the theft itself, and other circumstantial evidence present, make it a jury question whether the thief was not also the one who broke and entered.

Be all that as it may, defendant was found with the stolen property in the nighttime. Under the statute which is the foundation of this indictment, defendant might be convicted if he entered the car already broken, with intent to steal, although someone other than he had done the breaking.

We hold the court erred in directing an acquittal. As we cannot affect the defendant, we so hold, merely to settle the law, so that cases with the evidence in the state shown by this record will be submitted to the jury.—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.