Cole v. State.

ALSON B. COLE v. STATE OF NEBRASKA.

FILED DECEMBER 18, 1920.   No. 21844.

1. Criminal Law: HOMICIDE: INSTRUCTION: DEGREE OF CRIME. Under section 9130, Rev. St. 1913, requiring the court, upon a plea of guilty in a homicide case, to take testimony and to determine the degree of the crime, held, that an instruction to the jury, declaring that the defendant is convicted of murder in the first degree, is a judicial determination of the degree of the crime, though the court may have erroneously stated in such instruction that the degree of the crime had been determined by reason of the plea of guilty.

2. ——: ——: PLEA OF GUILTY: DEGREE OF CRIME: EVIDENCE. When a plea of guilty is entered by defendant in a homicide case, and the court takes testimony with express reference to the crime committed, as it relates to the defendant, it is presumed that the evidence is taken for the purpose of consideration by the court in fixing the degree of the crime, and by the jury in determining the punishment to be imposed, though the record does not affirmatively so disclose.

3. ——: ——: ——: ——: ——. When a plea of guilty is entered by the defendant in such a case, and the court takes testimony showing the circumstances surrounding the crime, the court has jurisdiction to determine the degree of the crime, and a judicial determination on that question will not be subject to collateral attack, though the court gives erroneous reasons for his conclusion.

ERROR to the district court for Howard county: BAYARD H. PAINE, JUDGE. *Petition in error dismissed.*

*J. M. Priest,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler,* contra.

FLANSBURG, J.

The case comes here from an entry made by the district judge, as a *nunc pro tunc* order, in the record of the case made in a trial, held before him some two years previously. The complete record in the original case is found in this court in the case of *Grammer v. State,* 103 Neb. 325, which is referred to by the attorneys in argument and is identified in this proceeding and is therefore now before the court.

It appears from that record, as stated by this court in its opinion in *In re Application of Cole,* 103 Neb. 802, 807, that the criminal actions against Cole and Grammer were tried together in the one proceeding, and that no request was ever made by the defendant Cole for a separate trial. After the proceeding had commenced, Cole entered his plea of guilty, and the trial court made a statement that the proceeding would continue as to Grammer alone. Following that statement, however, and in contradiction thereof, and during the course of the proceeding, the judge at various times directed the jury that certain testimony, then being introduced, was introduced and was to be considered with regard to the Cole case only. It is quite apparent from the record that evidence was introduced by the trial judge, to be considered with regard to Cole, and this has been judicially determined both by this court and by the judge of the district court of the United States for the district of Nebraska.

The statute (Rev. St. 1913, sec. 9130) requires the court, upon a plea of guilty being made in a homicide case to take testimony, and, upon that testimony, the court itself must determine the degree of the crime. In such a proceeding, after a plea of guilty, any introduction of testimony with

regard to the person making such plea is presumed to have been taken for the purpose designated in the statute.  The court is not required to affirmatively show by the record that the testimony was taken for such purpose.  *Ex parte Haase,* 5 Cal. App. 541; *State v. Cumberland,* 90 Ia. 525; *Ex parte Woods,* 41 Pac. (Cal.) 796.

The trial court, by taking testimony with reference to the crime committed by Cole and after Cole had pleaded guilty, had jurisdiction to determine the degree of his crime. Such a judicial determination was, in fact, made by the court in its instruction to the jury as follows: "You are instructed that the defendant Alson B. Cole, upon being arraigned in the manner and form hereinafter set out and entering a plea of guilty to murder in the first degree, is thereby convicted of said crime."  The instruction then advises the jury that it was for the jury to determine the question only of the penalty to be imposed.

This instruction fixed the degree of the crime definitely and finally and beyond the power of the jury to change or modify it.  The court made this adjudication and the jury had no part in it.  The adjudication, on its face, appears to be erroneous.  It recites that Cole was guilty of murder in the first degree, by reason of his plea of guilty.  Though the court may have disregarded the testimony introduced for the purpose of fixing the degree of the crime and may have determined that Cole was guilty by reason of his plea of guilty, still, from the fact that the court erroneously came to that conclusion, it does not necessarily follow that the court was without jurisdiction.  The reason given by the court would be no different in nature than if the court had erroneously stated that certain particular evidence was sufficient to convict the accused of murder in the first degree, in a case where the evidence was not, in fact, sufficient as a basis for such a conclusion.  In either event, the reason given by the trial court would be a mere error in the exercise of his judicial powers in a matter where he had full jurisdiction to ultimately determine the degree of the crime. The decision by the federal court, decid-

ing that it was necessary for the district court for Howard county to take further proceedings, is based upon a conclusion that the trial court had made no "finding or determination" of the degree of the crime. We cannot so interpret the instruction that we have referred to, given by the trial judge, and which directed the jury that the defendant "is convicted of murder in the first degree." In our opinion the instruction, though on its face erroneous, was a finding and determination of the degree of the crime. *Ex parte Haase,* 5 Cal. App. 541; *State v. Cumberland,* 90 Ia. 525; *Ex parte Woods,* 41 Pac. (Cal.) 796; *People v. Noll,* 20 Cal. 164; 16 C. J. 1271, sec. 3013. The courts erroneous reason for such conclusion did not change the fact that such a conclusion had been made, and the direction to the jury that Cole was guilty of murder in the first degree conferred power on the jury to decide upon the punishment to be imposed.

The error of the trial court was not jurisdictional, though it was an error that might have been taken advantage of by a direct proceeding for review brought to this court. No such proceeding was ever had. Such errors are not subject to collateral attack. *Fuller v. Fenton,* 104 Neb. 358.

Following the decision of the federal court, the trial court has made an entry attempting to correct his record, to the effect that he did, in his own mind, at the time of the trial, from the evidence adduced, determine upon the degree of the crime, though he had given no expression to that decision except that which is contained in his instructions to the jury.

It is the contention of the defendant's counsel that the original record is insufficient to support the conviction, and that the entry by the trial judge is an unlawful and ineffectual attempt to correct a defective record.

Whether or not such an entry could be considered by this court as legally or properly made, or as having any force or validity, it is unnecessary to determine.

We are of opinion that the original record, as it stood prior to the making of such entry, was sufficient to show

all jurisdictional requirements, to show a determination of the degree of the crime, and to show such a compliance with those mandatory provisions of the criminal law as will support the conviction against collateral attack.

The proceeding in error is therefore

DISMISSED.