ARCHIE BROWN, Appellant, v. T. P. HOLLOWELL, Appellee.

CRIMINAL LAW: Judgment and Sentence—Presumption Attending General Plea of Guilty. A *general* plea of guilty will be presumed to be a plea of guilty of the offense described in the particular statute under which the indictment was manifestly drawn, and not a plea of

guilty of an offense described in a *different but somewhat kindred* statute, the vital elements of which are not charged in the indictment; and this is true even though the judgment carries the maximum penalty provided by the latter section, and not the maximum penalty provided by the section under which the indictment was drawn.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

JUNE 24, 1924.

ACTION in habeas corpus. A demurrer to defendant's answer was overruled. Plaintiff electing to stand upon his demurrer and refusing to plead further, judgment dismissing his petition and remanding him to the custody of appellee was entered. From this judgment, he appeals.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *G. L. Norman,* County Attorney, *R. N. Johnson,* Deputy County Attorney, and *C. C. Martin,* Assistant County Attorney, for appellee.

STEVENS, J.—The defendant, appellee in this court, is the warden of the state penitentiary at Fort Madison. An indictment was returned against appellant by the grand jury of Polk County on January 4, 1912, charging him with the crime of breaking and entering a railway car, with the intent to commit a public offense. A plea of guilty was entered, and he was sentenced by the court to the reformatory, at Anamosa, for a period of not to exceed five years. Later, he was transferred, by order of the board of parole, to the penitentiary, at Fort Madison. He alleged in his petition that he has served the full term of his sentence, but that appellant refuses to release him from custody. Appellee filed an answer to the petition, alleging that appellant was indicted by the grand jury of Polk County for the crime of breaking and entering a railway car, with the intent to commit a public offense, as defined by Section 4791 of the Code, and that to this indictment he entered a plea of guilty. A copy of the indictment and of the judgment is attached to

the answer. Appellant demurred to the answer of appellee upon several grounds, particularly that the record of the plea of guilty is too indefinite and uncertain to support a conviction of the offense defined by Section 4791, and that, upon the record as a whole, it clearly appears that the plea of guilty was entered to the crime defined by Code Section 4794 as an included offense. The judgment recites that, "on this 30th day of January, 1912, this cause came on for judgment on plea of guilty, * * *." This is the only reference in the judgment to a plea of guilty.

The provisions of the statute necessary to be considered are as follows:

"Sec. 4791. If any person, with intent to commit any public offense, in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat or vessel or any building in which any goods, merchandise, or valuable things are kept for use, sale or deposit, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year.

"Sec. 4794. If any person unlawfully break and enter any freight or express car which is sealed or locked, in which any goods, merchandise or valuable things are kept for use, deposit or transportation, he shall be imprisoned in the penitentiary not more than five years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year."

The indictment clearly charges the offense defined by Section 4791. It is the theory of appellant that the crime defined by Section 4794 is necessarily included in the higher offense defined by the other section, and that, as the record fails to disclose whether the plea of guilty was to the offense as charged or to the lesser offense, and as the sentence was apparently under the latter statute, it must be presumed that the plea was intended to apply only to the included offense. It is, of course, conceded that Sections 4791 and 4794 charge wholly separate and distinct offenses. Under the former, the breaking and entering must have been with the intent to commit some public offense. Under the latter, the intent to commit a public offense

is not an essential element of the crime. To constitute the crime of breaking and entering a freight or express car, under Section 4794, it must have been sealed or locked. An indictment under this section must so charge. The indictment under Section 4791 need not charge this essential of the crime, and the indictment in the case under consideration did not so charge. *State v. Burns,* 190 Iowa 6.

A conviction can be had of an offense wholly distinct from the one specifically charged in the indictment only when such offense is an essential element of that charged, or when it is shown by proper averment in the indictment that a minor offense was in fact included in the offense charged. *State v. McAvoy,* 73 Iowa 557. It is apparent that an indictment based upon Section 4794 must contain averments not at all essential to an indictment based upon Section 4791. Under Section 4794, the indictment must charge the breaking and entering of a sealed or locked freight or express car. *State v. Burns,* supra. The indictment in question does not contain these essentials. There is no averment in the indictment indicating an intention to charge a so-called minor offense. Every essential averment of an indictment under Section 4791 is found therein, but the vital essentials of an indictment under Section 4794 are omitted therefrom. Appellant's plea of guilty must have been to the crime charged in the indictment. Whether the court in this instance could have accepted a plea of guilty to the offense defined by Section 4794, we have no occasion to determine. Nothing of that kind is alleged in the petition, and certainly not in the answer to which the demurrer was interposed. It is, of course, conceded that the court had no authority, under a plea of guilty to the offense charged in the indictment, to sentence appellant to a definite term of less than ten years. In so far as the judgment sought to do so, it is a nullity. *Adams v. Barr,* 154 Iowa 83.

Our holding in *State v. Cumberland,* 90 Iowa 525, is cited by appellant to sustain his contention that the record as a whole discloses that the plea of guilty was intended to apply only to the offense defined by Section 4794. The defendant Cumberland entered a plea of guilty to an indictment charging him with the crime of murder in the first degree. Evidence was received

by the court for the purpose of determining the degree of the offense. The district court made no finding on this point, but imposed the death penalty upon the defendant. This court held that, as the extreme penalty could be imposed only in case of a conviction of murder in the first degree, the sentence was a sufficient finding on that point. The statute at the time of the trial of *State v. Cumberland*, supra, as it does now (Code Section 4731), specifically required the court, if a plea of guilty was entered to a murder charge, to hear testimony for the purpose of determining the degree of the guilt. There is no similar statutory requirement applicable to the present case, and there is little or no analogy in the two cases. The answer on its face set up a good defense to the cause of action stated in the petition. There is nothing uncertain or doubtful about the record. The only reasonable deduction to be drawn therefrom is that appellant intended to plead guilty to the crime charged in the indictment, and not to some other offense. The court, in entering judgment, evidently either overlooked the indeterminate sentence law or did not have in mind the punishment provided by the statute for the offense charged.

The judgment of the court below is—*Affirmed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.