THE STATE OF IOWA v. B. F. Loos, Appellant.

**Criminal law:** PERJURY: INDICTMENT. An indictment for perjury must deny the truth of the alleged testimony; but the allegation that defendant testified that he never agreed to pay certain court costs, whereas in truth and in fact, as accused well knew he did so agree, was a sufficient traverse to put in issue the truth of defendant's denial of the agreement to pay, etc., the allegation, "as accused well knew," not affecting the force or effect of the averment.

**Indeterminate sentence law.** The constitutionality of the indeterminate sentence law is reaffirmed in this action.

**Perjury:** EVIDENCE OF INTENT. Where accused was charged with perjury in falsely testifying to an alleged oral agreement to pay the costs, in connection with a written settlement of the action signed by him, he was entitled to state that he understood the writing embodied the whole agreement and that none of its terms rested in parol, as bearing on the question of his intent.

**Same.** It is also held that the accused was entitled to ask the attorney who drew the written stipulation which he testified to, why the matter of costs was not incorporated therein; since the natural, if not the legal presumption, is that hostile parties entering into a written agreement will see that all the terms agreed upon are expressed therein; and the accused should be accorded fair liberality in developing all the circumstances under which the crime is said to have been committed.

**Same:** INSTRUCTION. While the omission of any reference to costs in the stipulation was not conclusive upon the State, it was a material circumstance in determining whether defendant agreed to pay them, and he was entitled to a requested instruction that the same be considered as bearing upon his understanding of the agreement.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

MONDAY, DECEMBER 20, 1909.

INDICTMENT for perjury. The defendant was found guilty, and appeals.—*Reversed.*

*Alfred H. McVey,* for appellant.

*H. W. Byers,* Attorney-General, *Chas. W. Lyon,* Assistant Attorney-General, and *Lawrence De Graff,* County Attorney, for the State.

WEAVER, J.—Condensed from the record, which is by no means a model of clearness, the history of this case may be stated as follows: In the year 1907 the appellant, Loos, was occupying office rooms under a lease from one Watrous. In October of said year Watrous, claiming the rent to be in arrears in the sum of $195, brought suit therefor aided by attachment in the district court. Later the parties entered into an agreement of settlement, in witness of which a writing was made and signed in the following terms:

Des Moines, Iowa, December 24, 1907. Memorandum of Agreement. Received of B. F. Loos one hundred seventy-five dollars ($175) cash and said Loos is to pay a balance of $31.00 on or before ten days from date hereof to C. J. Eller, which payment if made as above specified is to be and is in full of office rent on rooms 207 and 208 Watrous Block, Des Moines, to June 1, 1908, and said payments if made as herein provided are to be in full to June 1, 1908, for the rent of said rooms. If said Loos does not pay the balance, $31.00, within ten days from the date hereof, he is to move out at the expiration of the said ten days without any notice of any kind by the said Watrous for the possession of said rooms, which rooms are to be used by said Loos as office and living rooms as now occupied. Sophia G. Watrous, By C. J. Eller, Atty. B. F. Loos.

This paper was made in duplicate, one copy being taken by each party, and appellant then and there paid the sum of $175. Soon after this Mr. Eller, attorney for Watrous, claimed that a mistake had been made in the written agreement or settlement, and that the deferred installment should have been made $41, instead of $31, and he changed his copy by erasure to make it so read, and alleges that appellant herein agreed to make the same change in the copy in his hands. It was also the claim of Eller, and is now the claim of the state, that said written agreement was accompanied by the parol agreement of the appellant to pay the costs which had accrued in the attachment proceedings. When the deferred payment became due, appellant tendered to Eller the sum of $31 in alleged performance of the agreement, which tender was refused by the latter, who also demanded that the costs be paid. At this stage of the proceedings, we infer, though we do not find it clearly stated, Watrous began forcible entry and detainer proceedings before a justice of the peace to exclude appellant from the leased rooms, and on the trial of that case appellant and other witnesses gave testimony respecting the two points in controversy—the

amount which he had agreed to pay in settlement, and the payment of the costs·in the attachment suit. Thereafter the attachment case in the district court which had never been tried or dismissed of record came on for hearing solely on the question of costs. The indictment alleges that at said hearing in the district court appellant, being duly sworn, testified that he "never agreed to pay any costs within ten days from the date of an agreement to pay said costs, and that he never entered into any agreement to pay any costs arising by reason of" said attachment proceedings. The denial of the truth of said testimony is. in the following words: "Whereas, in truth and in fact, as said B. F. Loos well knew, he the said B. F. Loos did agree to pay the costs arising by reason of certain attachment proceedings, and did agree to pay said costs within ten days from the date of the agreement entered into," etc.. The principal assignments of error on which a reversal of the judgment below is sought are as follows:

I. The denial of the truth of the alleged testimony is said to be insufficient under the rule applied in *State v. Gallaugher,* 123 Iowa, 378, in that it fails to allege specifically the falsity of the matter testified to, but alleges only that appellee knew it to be false. That this criticism is not well founded is readily seen by turning to the language of the indictment, "Whereas, in truth and in fact, as B. F. Loos well knew, he did agree," etc. This is a clear and direct traverse of a statement which appellant is said to have made in his said testimony, and the parenthetical clause, "as B. F. Loos well knew," neither changes nor lessens the force or effect of the averment. There may be room for doubt whether the traverse puts in issue anything more than the truth of appellant's denial that he agreed to pay the costs within ten days; but to this extent at least there is a sufficient charge of perjury, and the indictment can not therefore be held invalid.

1. CRIMINAL LAW: perjury: indictment.

II. The defendant was.sentenced to the penitentiary under the provisions of what is known as the "indeterminate sentence law," and the constitutionality of such statute is questioned by counsel. This question was before us in *State v. Duff*, 144 Iowa, 142, where we affirmed the validity of the law. That decision has since been followed in several cases, and we are still satisfied with the ruling there announced.

*2. INDETERMINATE SENTENCE LAW.*

III. Of the rulings upon the admission of evidence which.are challenged by the appellant, we may refer to the following: The appellant was examined as a witness in his own behalf, and with reference to circumstances attending the signing of the stipulation of settlement was asked by his counsel what he understood at that time was to be done with the costs. Objection to this inquiry was sustained; the court saying that it had already. been answered. We think the answer should have been admitted. It is true that appellant had given his version of the transaction; but the parties had entered into a written stipulation, and there was a presumption that the writing expressed all the agreement between them. That presumption was probably not conclusive in this case; but, as bearing upon the question of his alleged corrupt intent and purpose, it was entirely proper for him to testify that he understood the writing to be just what they had agreed to, and that no term of the agreement was left to rest in parol. This does not appear to have been clearly stated by him, and the objection should .have been overruled.

*3. PERJURY: evidence of intent.*

Mr. Eller, who was counsel for Watrous and drew the written stipulation of settlement, having testified to the transaction, was asked on cross-examination why, in preparing the instrument, he did not include therein the agreement as to costs which he says was made. This also was excluded on the state's

*4. SAME.*

objection that the matter called for was a mere conclusion, immaterial and incompetent.  The ruling can not be sustained.  As we have already said, the natural, if not the legal, presumption is that when parties enter into a written agreement of settlement, and especially where the controversy is between parties who have been actively and bitterly hostile toward each other, they will see to it that all the terms agreed upon are expressed in the writing.  If the claim be afterwards made that it does not cover the whole agreement, and that some material part was left to rest in parol, it seems very clear that the party who drew the paper and thereafter asserts a claim based upon a contemporaneous parol agreement may properly be cross-examined as to the reasons why such stipulation was omitted from the written contract.  The crime of perjury consists not merely in swearing to some material statement which is not true, but in willfully, intentionally, and corruptly falsifying under oath. · As to the details of a conversation, or of all the considerations entering into a given transaction occurring in the past, such are the infirmities of the human memory, the liability of mutual misunderstanding, the unconscious bias of personal interest, that the parties thereto may be arrayed upon the witness stand in diametrical opposition to each other, and neither be guilty of perjury, though it be self-evident that the story of one or the other is not true.  It is therefore peculiarly proper that the party charged with this heinous offense be given fairly liberal range in developing all the circumstances under which the crime is said to have been committed.  Ordinarily and normally there is in human conduct some sort of proportion between a temptation and the crime to which it leads, and it is very difficult to conceive that a rational human being, however disreputable or degraded he may be, will not only blacken his soul, but also invite prosecution and punishment for felony, by deliberately swearing to a known falsehood to avoid payment of a petty claim.  This

is, of course, no defense to a charge of perjury; but it emphasizes the propriety of careful inquiry into all the circumstances which can afford any substantial aid in arriving at the truth.

In this connection we may also say that we think the trial court also erred in refusing to charge the jury, as requested, that the written contract of settlement might be con-

5. SAME: instruction.    sidered by them for what they might find it worth as bearing upon appellant's understanding of the agreement. The omission of any reference to the costs in the contract was not conclusive upon the state; but it was a very material circumstance in determining whether defendant agreed to pay them, and he was entitled to the benefit of it.

Other alleged errors are not well assigned.

For the reasons stated, a new trial must be ordered, and to that end the judgment of the district court is reversed, and the cause remanded.—*Reversed.*