WILLIAM ADAMS, Appellant, v. MARQUIS BARR, Warden of the Penitentiary at Anamosa, Iowa, Appellee.

**Criminal law:** TERM OF SENTENCE. The indeterminate sentence law
1 controls the term of imprisonment in all cases where the crime was committed subsequent to the passage of the law, and a sentence for a definite term is of no legal force; but the warden of the penitentiary may restrain the accused in conformity with the statutes, notwithstanding the sentence.

**Same:** DETERMINATE SENTENCE: EXPIRATION: DISCHARGE OF ACCUSED.
2 Where there was nothing in the record on appeal to show that the crime of which defendant was accused was not committed prior to the passage of the indeterminate sentence law, it will be presumed that the judgment fixing a determinate sentence was lawfully imposed, and upon expiration of the sentence the accused will be entitled to a discharge.

*Appeal from Jones District Court.*—HON. F. O. ELLISON, Judge.

TUESDAY, FEBRUARY 13, 1912.

HABEAS CORPUS proceedings brought by the plaintiff, an inmate of the penitentiary, to test the legality of his imprisonment. The district court refused to sustain the writ and remanded plaintiff to the custody of the warden. From this order an appeal has been taken. The material facts are stated in the opinion.—*Reversed.*

*Remley & Remley,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,*
Assistant Attorney-General, for appellee.

WEAVER, J.—On September 11, 1908, in the district
court of Osceola county, Iowa, the plaintiff herein was
convicted of the crime of burglary. Under the statute then
in force, the maximum punishment, which could be law-
fully imposed for such offense, was imprisonment in the
penitentiary for the term of twenty years. Code, section
4789. At the same time, the statute further provided that,
whenever a person over sixteen years of age is convicted
of a "felony committed subsequent to July 4, 1907—ex-
cept murder and treason—the court imposing the sentence
of confinement in the penitentiary shall not fix the limit or
duration of the same, but the term of such imprisonment
shall not exceed the maximum term provided by law" for
the crime for which the prisoner was convicted. Code
Supp. section 5718-a13. To this section is added other
provisions for a board of parole, upon the initiation of
which persons suffering such confinement may be enlarged
upon parole before the expiration of the maximum term.
This latter statute constitutes what is usually known as
the "indeterminate sentence law." In entering judgment
against the plaintiff herein upon his said conviction of
burglary, the district court did not impose upon him an
indeterminate sentence, but fixed the limit of his confine-
ment in the penitentiary at two years.

If this sentence is to be given effect according to its
terms, and plaintiff is accorded the credit which it is
agreed he has earned for "good time," the lawful period
of his imprisonment would have expired and he was en-
titled to be discharged on June 17, 1910, a date which was
prior to the beginning of this *habeas corpus* proceeding.
The board of parole has taken no action and entered no
orders concerning the further detention or discharge of the
plaintiff. It should also be said that when plaintiff was

received at the prison an entry was made upon the record
or register of that institution that his sentence was for two
years and would expire June 17, 1910.    Thereafter by
the act of the warden the registry was so changed as to
indicate a sentence for twenty years.    Upon this showing,
and without other evidence, the plaintiff was denied relief.
In other words, it was held that, notwithstanding the time
or term mentioned in the judgment of imprisonment, it was
the right and duty of the warden to keep the plaintiff in
restraint for the maximum period of twenty years less
good time earned, should he not be sooner paroled or par-
doned as provided by law.    The correctness of this ruling
is the one question presented by this appeal.

The appellant's demand for a reversal of the judg-
ment below is based upon two main propositions:    First,
that the judgment was one within the power and authority
of the district court to enter, and, having never been ap-
pealed from or in any manner modified or set aside, it is
the duty of the warden to obey it; and, second, that even
if the act of a trial court in imposing a determinative
sentence, in cases falling within the scope of the indeter-
minate sentence law, is to be treated as mere surplusage,
and the warden of the penitentiary may ignore the same
and detain the prisoner until he becomes entitled to dis-
charge under the terms of the last-mentioned statute, yet
in the case at bar, there being no evidence or showing
whatever that plaintiff was over sixteen years of age when
judgment was entered against him, or that the crime of
which he was convicted was committed subsequent to July
4, 1907, the presumption of regularity, which we must
accord to the proceedings in the district court, requires
us to assume that said court found the plaintiff's age to
be such on the date of his offense that he was not properly
punishable under the act providing for indeterminate sen-
tences.

We are very clear that the first proposition of counsel

is untenable. The validity of the statute has been re-
peatedly affirmed. *State v. Duff,* 144 Iowa, 142; *State v.
Perkins,* 143 Iowa, 55; *State v. Rozeboom,*
145 Iowa, 620. By its terms it is provided,
as we have already noted, that in imposing
judgment of imprisonment, in the penitentiary in cases of
the kind therein described, the court "shall not fix the limit
or duration of the same." In other words, in such cases a
judgment or sentence that the defendant "be imprisoned
in the penitentiary according to law" is all that is required,
and whatever is added thereto is unauthorized and may be
ignored as void or mere surplusage. No reference what-
ever need be or should be made to a minimum or maximum
period. When the record shows the offense of which he
has been convicted, and that he is adjudged to suffer im-
prisonment in the penitentiary, the statute controls the
period or term of his restraint, and it is to this statute,
and not to the mittimus, to which the warden must look
to ascertain the period of time for which he may keep him
in custody. It follows that the first proposition advanced
by the appellant can not be sustained.

1. CRIMINAL LAW: term of sentence.

    The second point presented is not so easily met. Un-
der the statute we have quoted the court was authorized to
impose a determinative sentence of imprisonment in the
penitentiary up to a maximum of twenty
years upon a conviction of burglary com-
mitted prior to July 4, 1907. Indeed, for
such an offense it was not authorized to im-
pose an indeterminate sentence. It will be remembered
that the sentence in this case was entered September 11,
1908, and the offense being thus punished may well have
been committed before July 4, 1907. Of the fact in this
respect the record appears to be entirely without testimony
or agreement or concession.

2. SAME: determinate sentence: expiration: discharge of accused.

    The plaintiff's case in the present proceeding was sub-
mitted on the mittimus and upon the conceded facts or

records to which we have referred.  The defendant offered
no other evidence.  So far as appears, the appellant's crime
may have been committed prior to July 4, 1907, and that
fact may have been clearly shown on the trial.  The in-
dictment is not before us, and whether it contained any
allegation or averment as to the date of the offense we have
no means of knowing.  Indeed, it does not appear whether
the indictment was found or returned before or after July
4, 1907.  On this showing the presumption of regularity
which attaches to the proceedings of a court of record
must be given effect, and we can not hold that its judgment
imposing a determinate sentence is void.  To do so we
would have to indulge in the mere conjecture that plain-
tiff's offense was committed after July 4, 1907, and upon
that conjecture alone hold that the trial court exceeded its
powers.  Such a holding would be a most radical departure
from rules which have had the sanction of the courts from
the beginning of our judicial history.  The court had the
power to impose a determinate sentence in certain cases
of burglary.  It did impose such a sentence.  There is noth-
ing shown to indicate that this particular burglary was not
of the class or kind which could properly be so punished.
We must therefore presume the court did its duty, and
that the sentence for two years was properly entered.  Such
being the case, the plaintiff, upon the agreed statement of
facts, was entitled to be discharged, and the order for his
remand to the custody of the warden can not be sustained.
That order is therefore reversed, and the appellee is di-
rected to set the defendant at liberty.—*Reversed.*