WILLIAM McKINNON, Appellant, v. J. C. SANDERS, Warden of the Penitentiary at Fort Madison, Appellee.

Criminal law: PUNISHMENT: INDETERMINATE SENTENCE: STATUTES.
1   Carnal knowledge of an imbecile female is punishable by imprisonment for life or for a term of years, and one convicted of the crime has no constitutional right to a definite sentence, either for life or for a term of years, in order that he may be entitled to the priv-

ileges accorded by the board of parole; as the board has power to inquire into the application for discharge, pardon or parole of any prisoner.

Same: CARNAL KNOWLEDGE OF IMBECILE: SENTENCE. The court has no
2    power to fix the maximum term of punishment of one convicted of having carnal knowledge of an imbecile female; and a sentence to the penitentiary ''until lawfully released therefrom'' was proper.

Same: STATUTES: CONSTRUCTION. Statutes must be construed as a
3    whole and all given effect, unless there is such repugnance in the various provisions as to require that one shall yield to another.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON, Judge.

THURSDAY, OCTOBER 23, 1913.

IN habeas corpus. From a ruling sustaining demurrer to the petition, and entering judgment against petitioner for costs, appeal is taken.—*Affirmed.*

*Liston McMillen,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for appellee.

WITHROW, J.—The appellant, William McKinnon, was convicted in the district court of Hancock county of the crime of having carnal knowledge of an idiot or female naturally of such imbecility of mind as to prevent effectual resistance thereto. Upon conviction he was sentenced to imprisonment at hard labor in the penitentiary at Ft. Madison until lawfully released therefrom. He brings this action in habeas corpus, the respondent being the warden of the Ft. Madison prison. To the petition of plaintiff, which sets out the record of conviction and the warrant of commitment, the respondent filed a demurrer, which asserts that the petition of plaintiff, with its exhibits, shows that the sentence of the petitioner

was regular and legal, and that the process shows that petitioner was sentenced to confinement as provided by law. Upon hearing by the trial court the demurrer was sustained, and, the petitioner electing to stand upon his petition, it was dismissed, and judgment was entered against him for costs. From such ruling and judgment, he appeals.

I. The question directly raised by the appeal is that Code, section 4758, under which petitioner was convicted, provides for punishment as is fixed in the statute against ravishment, that being for life or a term of years; that, the maximum punishment thus authorized being for life or for a term of years, the respondent is without the privileges of Code Supplement, section 5718-a18, which authorizes the board of parole to grant to prisoners, other than those serving life terms, the right to go on parole outside the penitentiary.

It is the claim of the appellant that the board of parole has no jurisdiction when a life sentence, or an indefinite sentence which may be for life, has been imposed, and, there being such failure in the statute to make provision for cases like the one here presented, it was the duty of the trial court in passing sentence to make that sentence definite, either for life, placing the petitioner outside the privileges which may be granted by the board of parole, or for a definite term of years, thereby placing his case within the control of that body in its granting of privileges and clemency. It is also claimed that if Code Supplement, section 5718-a13, which provides for indeterminate sentences in all cases excepting treason and murder, can be construed as authorizing an indefinite commitment without possibility of relief through the board of parole, it is unconstitutional, in that such idea is not involved in the chapter of which that section is a part, that it makes possible to disguise an inhuman and unusual sentence under forms of law, that it is not due process of law, and that it divests the court of the right to exercise a sound discretion.

II. The constitutionality of the law as to indeterminate sentences in its general effect has been expressly upheld by

this court in *State v. Duff*, 144 Iowa, 142. The particular

1. CRIMINAL
LAW: punish-
ment: indeter-
minate sen-
tence:
statutes.

question presented by appellant, to give force to his contention, is that he has a constitutional right either to a definite sentence for life or for years, that he may or may not be entitled to the privileges which may be secured under Code Supplement, section 5718-a18. With this we do not agree. It is within the power of the Legislature to fix the penalty for crime. It is equally within its power to provide, as to any class of cases, that persons sentenced to imprisonment may under certain conditions have privileges not accorded to others, and also to provide that sentences shall be indeterminate. All this the Legislature has done, and it has been repeatedly held by this court that, in passing sentence in all cases save of convictions for treason and murder, the court has not the power to fix a definite maximum period, as such is done by statute. *State v. Perkins*, 143 Iowa, 55; *State v. Rozeboom*, 145 Iowa, 620; *State v. Davenport*, 149 Iowa, 294; *Adams v. Barr*, 154 Iowa, 83. Appellant's case does not come within either of the exceptions, although it is in a class which permits imprisonment for life. But it is not without the jurisdiction of the board of parole, even though Code Supplement, section 5718-a18, may not apply to it, as claimed by him, for by the express terms of section 5718-a19 that body is given the power to "institute any inquiry it may deem expedient in regard to any prisoner, or application for pardon, final discharge, or parole." The sentence of the appellant was to the penitentiary "until lawfully released therefrom." The trial court was without the right to fix a definite period, and, recognizing this, pronounced that to which the automatic application of the indeterminate sentence law gave legal force as a judgment.

III. In his argument appellant's counsel has given much attention to the purpose of the indeterminate sentence law,

recognizing the humane intent which was back of its enact-

2. SAME: carnal knowledge of imbecile: sentence.

ment, and as a step away from what he broadly' terms the *lex talionis* and towards a more liberal and Christian treatment of those who have committed wrongs against society. While we do not disagree with his general discussion of this question, which is supported by many quotations from the Bible, and particularly the New Testament, we cannot give to them the application he makes. The laws of organized society, which are our Constitution and statutes, as interpreted by judicial decisions, must necessarily be accepted as the sole guide of the courts.

While it is the purpose in these days of broader views of the duty of society towards its individuals to remove from the criminal law the vindictive spirit, so far as such may safely be done without impairing the rights of the people as a whole and as individuals, yet such purpose is not of such strength as to give to the courts the power of legislation. As we have noted, the Legislature has in section 5718-a13 covered all cases arising under our criminal statute, while section 5718-a18 does not in terms bring appellant's case within its provisions. The following section, however, opens the way for a consideration of his case by the board of parole.

We must give effect to the statutes as a whole, unless there is such repugnance in the various provisions as to compel one to yield to another; but such does not appear in the

3. SAME: statutes: construction.

present law. The lower court under the section providing for sentence followed it as interpreted by this court, and the sentence imposed, while indefinite, is not such as to place appellant beyond relief, when he shall be entitled to it, and is in accordance with law. May we also quote from the great authority cited by appellant: "But we know that the law is good if a man use it lawfully." "Knowing this, that the law is not made for a righteous man, but for the lawless and disobedient," "as many as have sinned against the law shall be

judged by the law," "for the way of the transgressor is hard."

The ruling of the trial court was correct, and its judgment is *Affirmed*.

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.