STATE OF IOWA, Appellee, v. JOHN DRADEN, Appellant.

**RAPE:** Age of Prosecutrix—Evidence. . Evidence reviewed, and held
1   to support a jury finding as to the age of prosecutrix.

**CRIMINAL LAW:** Trial—Rebuttal—Purpose and Effect of Offer.
2   Testimony offered in rebuttal of impeaching testimony is not necessarily receivable solely on the subject of impeachment. So held where the defendant offered part of a birth record and the State offered the remaining part.

**CRIMINAL LAW:** Trial—Conduct of Court—Inferential Assumption
3   of Fact. An inferential assumption by the court, in ruling on the admission of evidence, of the truth of a fact in issue, does not necessarily constitute reversible error.

**CRIMINAL LAW:** Limitation of Prosecution — Instruction — Curing
4   Error. An instruction which authorizes a conviction upon proof of the offense within 18 months prior to the finding of the indictment, when the statute under which the prosecution was had had not existed for that length of time, is not reversible error when the jury was specifically and definitely confined to a single transaction which concededly occurred subsequent to the enactment of the statute.

**RAPE:** Judgment—Form. A judgment that the defendant, convicted
5   of the crime of rape, be committed to the penitentiary for an indeterminate period, is proper, even though the statute under which conviction is had was enacted subsequent to the enactment of the Indeterminate Sentence Act.

Headnote 1.   33 Cyc. p. 1491.   Headnote 2.   16 C. J. p. 572; 33 Cyc.
p. 1473.   Headnote 3.   16 C. J. p. 832; 17 C. J. p. 295.   Headnote 4.   16
C. J. p. 1053.   Headnote 5.   16 C. J. p. 1369.

*Appeal from Clarke District Court.*—A. R. MAXWELL, Judge.

SEPTEMBER 26, 1924.

REHEARING DENIED JANUARY 16, 1925.

THE defendant was convicted of the crime of rape. From a judgment of imprisonment for an indeterminate period, he appeals.—*Affirmed.*

*O. M. Slaymaker, A. M. Miller,* and *R. E. Kilmar,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *M. R. Stansell,* County Attorney, for appellee.

VERMILION, J.—The indictment was returned on September 22, 1922, and charged that the defendant did unlawfully and feloniously ravish and carnally know one Margaret Kessler, she then and there being a female person under the age of 17 years, and the defendant being over the age of 25 years. The trial took place in the same month.

It is urged that there was no competent evidence of the age of the prosecutrix. She testified on direct examination that she was 15 years old, and on cross-examination, said she was born on December 31, 1906. Her father, William Kessler, testified to the same effect. The defendant offered in evidence, for the purpose of impeaching the father, an entry in the birth records of the county, showing the birth, on December 31, 1906, to William Kessler and wife, of a female child whose name is there given as Mat Maude Kessler. His attention being called to this record, the father testified that the child born on that date was the prosecutrix, Margaret, and that he had had no child named Mat Maude. The entire record of births indexed under the letter K was introduced by the State. This record, as we understand, did not show the birth of a child named Margaret Kessler, nor the birth of any other female child to William Kessler than the one under the name of Mat Maude. The jury was warranted

1. RAPE: age of prosecutrix: evidence.

in finding the age of the prosecutrix to have been under 17 years at the time of the alleged intercourse.

In this connection may be noted the complaint made of an instruction referring to this evidence. The court instructed the jury that the birth record in evidence might be considered for the purpose of determining, so far as it might tend to show, if it did, the date of the birth of the prosecuting witness, and whether or not the Mat Maude Kessler therein named was the same person as the prosecuting witness, Margaret Kessler, and for the purpose of tending to impeach the witness William Kessler. The complaint made of this is that the record was admissible only for the purpose of impeachment. The defendant having offered the entry showing the birth of a daughter on the date when it was claimed the prosecutrix was born, whose name was given as Mat Maude, the State was clearly entitled to the entire record, in connection with the testimony of the father that the prosecutrix was born on that date, and that he had no daughter named Mat Maude; and the jury was entitled to consider it for all the purposes indicated in the instruction.

2. CRIMINAL LAW: trial: rebuttal: purpose and effect of offer.

The deputy sheriff, as a witnesss, testified to a conversation with the defendant, while under arrest, and apparently in reference to the charge against him, in which, in response to the question, "Did you have intercourse with her?" the defendant replied, "Yes, a couple of times." Counsel for the defendant moved to limit the application of this evidence "to the particular things for which it is claimed that it is submitted," adding: "It evidently does not refer to the transaction to which the prosecuting witness testifies." Thereupon the court said:

3. CRIMINAL LAW: trial: conduct of court: inferential assumption of fact.

"I cannot say whether it refers to the particular times testified to by the prosecuting witness; I suppose it refers to one of them."

At this point it would seem that the court was interrupted by counsel, who said:

"Does the court say that one of them does? I object to the remark of the court in saying that it refers to one of them."

Thereupon the court said:

"I was going to say that it is difficult for the court to rule

on the objection without knowing to which time it refers.''

The only complaint in this court is of that portion of the remarks of the court: "I suppose it refers to one of them." The prosecutrix had testified that the defendant ·overtook her, as she was going home about 10 o'clock on a night in July, 1922, and had intercourse with her in the road by her father's house, and that, on another occasion, she ·had been riding with him in his automobile, in company with another man and woman, and that they had gone to a barn together. Another witness, the sheriff, testified that the defendant admitted having intercourse with her in the street by her place.· The remark of the court cannot be approved; but, in view of the record, and the statement preceding it that the court could not say whether the admission testified to by the deputy sheriff referred to the particular times mentioned by the prosecutrix, and the explanation of the court following the interruption and the objection, we think it· was not prejudicial.·

Chapter 192 of the Acts of the Thirty-ninth General Assembly, so far as material here, provides:

''If any person over the age of 25 years carnally know and abuse any female under the age of 17 years, he shall be imprisoned in the penitentiary for life or any term of years.''

That act went into effect July 4, 1921. Prior to that date, the subject was covered by Section 4756 of the Code, which provided, in part:

''If any person * * * carnally know and abuse any female child under the age of 15 years, he shall be imprisoned,'' etc.

The indictment in this case, returned September 22, 1922, was found under the later statute ·first above quoted. Section 5164 of the Code provides that an indictment for rape must be found within 18 months after the commission of the offense. Considering merely the indictment and this statute of limitations, it would appear that the defendant might have been convicted of the crime charged if committed at any time within 18 months before September 22, 1922. *State v. Briggs,* 68 Iowa 416; *State v. Bell,* 49 Iowa 440; *State v. Waterman,* 87 Iowa 255; *State v. Moore,* 78 Iowa 494. But 18 months prior to the finding of the indictment would extend to a time prior to the

4. CRIMINAL LAW: limitation of prosecution: instruction: curing error.

taking effect of the statute making it a crime for a man over 25 years of age to carnally know a female under 17 years of age, the statute under which the indictment was drawn. In other words, during a portion of the period of the statute of limitations, the commission of the act charged in the indictment was not a crime; for, prior to July 4, 1921, the age at which a female might consent to sexual intercourse was 15 years. If she was above that age, the act, if with her consent, would not constitute rape. This situation is presented by defendant as the basis for the claim that certain of the instructions of the court were erroneous, and that the instructions were inconsistent.

In Instruction No. 1, the jury was told, in substance, that, before the defendant could be convicted of the crime charged, the State must show beyond a reasonable doubt that the defendant did, in the county named, and within 18 months prior to the finding of the indictment, commit the crime of rape, as charged in the indictment. Instruction No. 2 set out the present statute, as defining the crime of rape. In Instruction No. 3, the essential elements of the crime were stated, as found in the statute. In Instruction No. 4, carnal knowledge and abuse was defined as sexual intercourse, and designated as the first essential element of the crime; and the jury was told, in substance, that, if it was found that the defendant, within 18 months prior to the finding of the indictment, had sexual intercourse with the prosecutrix, the jury would be justified in finding for the State on this issue. Instruction No. 6 was in reference to what was designated as the third essential element of the crime,—the age of the prosecutrix; and the jury was told, in substance, that, if the defendant had sexual intercourse with the prosecutrix within the period of 18 months before the finding of the indictment, and while the prosecutrix was under the age of 17 years, the jury would be justified in finding for the State as to this element. While these instructions were correct statements of the law, generally speaking, it is obvious that, when applied to the situation here, where the 18 months preceding the finding of the indictment covered a period of time prior to the taking effect of the statute, they did not state all that was required of the State. The statements were correct abstractly, and so far as they went; but they did not go far enough. The State was not

only limited to showing that the crime was committed within 18 months prior to the finding of the indictment, but was also required to show that it was committed after the taking effect of the act defining the crime charged. It is to be observed, however, that the jury was not instructed that a finding that the defendant had intercourse with the prosecutrix at any time within 18 months, and while she was under 17 years of age, would warrant a conviction, but merely that, before a conviction could be had, it must be found that the crime was committed within that period, and that the matters designated as essential elements of the crime must be found to have occurred or existed within that time, before it could be found that they were established. In Instruction No. 11, the jury was told not to consider any happenings or occurrences between the prosecuting witness and the defendant other than that shown in evidence, beyond a. reasonable doubt, to have happened in July, 1922, as testified to by the prosecuting witness, and as charged in the indictment; and that proof of other crimes of whatever kind or character committed by the defendant against her, other than the facts testified to by her as occurring in July, 1922, and as charged in the indictment, should in no way or manner be considered in determining the guilt or innocence of the defendant of the crime charged. Under this instruction, the defendant could only have been found guilty of an act committed in July, 1922, which was subsequent to the taking effect of the statute under which the indictment was returned. The instructions are not inconsistent; nor do we think, in view of the positive direction that the defendant could only be convicted for an act committed in July, 1922, that the jury could have been misled by the negative statement that he could not be convicted unless the crime was committed within 18 months prior to the finding of the indictment.

The contention that no judgment of conviction was entered is without merit. *Adams v. Barr,* 154 Iowa 83. The judgment was that the defendant be committed to the penitentiary at Ft.

5. RAPE: judgment: form.

Madison at hard labor for an indeterminate period not to exceed that provided for by Chapter 192 of the Acts of the Thirty-ninth General Assembly. That statute fixes the punishment for the crime of

which the defendant was convicted, at imprisonment in the penitentiary for life or any term of years. Section 5718-a13 of the Code Supplement of 1913 provides that:

"Whenever any person over 16 years of age is convicted of a felony committed subsequent to July 4, 1907, except treason or murder, the court imposing a sentence of confinement in the penitentiary shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted."

It was held in *McKinnon v. Sanders,* 161 Iowa 555, that this statute was applicable to the crime of rape as then defined, and where the punishment provided was imprisonment for life or any term of years. It is sought to avoid the force of this holding by the argument that in that case the statute providing for an indeterminate sentence was adopted after the statute fixing the punishment, and hence controlled; while the statute under which this defendant was convicted was enacted after the statute requiring an indeterminate sentence, and, since it provides for imprisonment for life or any term of years, it is contended that it does not come under the Indeterminate Sentence Law, and the court had power to impose sentence for less than the maximum time. The argument is not persuasive. The Indeterminate Sentence Law is general, and applies to all crimes, except murder and treason, committed subsequent to July 4, 1907. It relates, so far as here involved, to the duty of the court in imposing sentence, and expressly provides that the court shall not fix the limit or duration of imprisonment, but that the term of imprisonment shall not exceed the maximum term provided by law. It does not fix the limit of imprisonment, save by a reference to the various statutes defining and providing a punishment for particular crimes. It is by its terms as applicable to crimes defined, and the punishment for which is prescribed by subsequently enacted statutes, as to those referred to in then existing statutes. So far as it relates to the punishment, the language of the present statute defining rape is the same as in the former one considered in *McKinnon v. Sanders,* supra. No legislative intent to remove the crime of rape from those to which the Indeterminate Sentence Law applied is to be

found or inferred from the use in the later statute of language, in prescribing the punishment, that had already been held not to have that effect in the former statute.

No prejudicial error is found, and the judgment is— *Affirmed.*

ARTHUR, C. J., and STEVENS and DE GRAFF, JJ., concur.