STATE OF IOWA, Appellee, v. L. A. GILES, Appellant.

**MOTOR VEHICLES:** Operation by Intoxicated Person—Sentence.

1   Aggravation necessarily inheres in the offense of the operating of a motor vehicle by an intoxicated person. Record held insufficient to justify the appellate court in interfering with a sentence to the penitentiary.

**CRIMINAL LAW:** Punishment—Indeterminate Sentence as Excessive.

2   The appellate court may not say that an indeterminate sentence is excessive when a sentence to the penitentiary was proper under the record.

Headnote 1: 28 Cyc. p. 50.   Headnote 2: 28 Cyc. p. 50.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1925.

THE defendant was indicted for the crime of operating a motor vehicle while intoxicated. Upon a verdict of guilty, the court imposed a sentence of one year in the penitentiary. The defendant appeals.—*Affirmed.*

*Verne Benjamin,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Frank E. Northrop,* County Attorney, for appellee.

EVANS, J.—Two grounds of reversal are presented:

(1) That the conviction is not sustained by the evidence.

(2) That the punishment was excessive.

We cannot say that the evidence was insufficient to sustain the conviction. Whether the evidence was such as to justify the maximum sentence, is a question not free from perplexity. The very nature of the offense, in its most mitigated form, involves so much of danger to human life as to call for severe

1. MOTOR VE-
HICLES: operation
by intoxicated
person: sentence.

punishment. That one case may be more aggravated than another is, nevertheless, true, and the degree of punishment should be governed by the degree of aggravation. The defendant is a laboring man, engaged as a plumber, and has a family of a wife and two children. He was driving in the city of Council Bluffs between 12 and 1 P. M., on his way to his work at Omaha. He drove first to a filling station, and obtained gasoline. From there he drove to the tollhouse at the Council Bluffs end of the Douglas Street bridge. This was two blocks away from the filling station. He stopped at the tollhouse and paid his toll, and was there arrested by police officers who had observed him in his approach, and some of whom had followed him in a motor cycle. He was driving at the rate of from 20 to 35 miles an hour, and passed three cars as he approached the tollhouse. The street in that vicinity was congested with traffic. The defendant had sufficient control of his car to avoid all contact with other vehicles. There was no accident of any kind. The degree of his intoxication is much in dispute in the evidence. The man in charge of the filling station saw no signs of intoxication upon him. Blankenship, who rode with him, saw none. Another witness who talked with him saw none. He had no beverage upon his person or in his car, though witnesses testified that they could smell intoxicating liquor upon his breath.

Granted, therefore, that the circumstances attending this particular offense were not aggravating, in the sense in which the term is used in relation to public offenses, yet the fact remains that the nature of the offense itself is

2. CRIMINAL LAW: punishment: indeterminate sentence as excessive.

such that aggravation inheres in it. The peril threatened by such an offense is so great and so imminent that only severe punishment can be deemed adequate to restrain it. Appellant presents his case as though he had been sentenced to a fixed term of one year in the penitentiary. If that were so, we should deem it too severe. But such was not the judgment. The court imposed upon the defendant an indeterminate sentence, under the statute, not to exceed one year in the penitentiary. The only discretion the court had was to choose between a penitentiary sentence, on the one hand, and a fine and imprisonment in the county jail, on the other. Having fixed upon a penitentiary sentence, the court

had no power, under the statute, to fix any term other than an indeterminate one. We think the penitentiary sentence was proper. Under the statute, its duration will depend upon the discretion of the board of parole.

The judgment is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.