STATE OF IOWA, Appellee, v. DOROTHY KORTH, Appellant.

CRIMINAL LAW: Evidence—Evidence Unlawfully Obtained. Evi-
1　dence is not inadmissible because it was unlawfully obtained.

POISONS: Unlawful Possession—Sentence. A penitentiary sentence as
2　punishment for the unlawful possession of narcotic drugs is not
　necessarily excessive.

CRIMINAL LAW: Sentence—Form. A sentence to the effect that the
3　accused "be imprisoned in the penitentiary according to law" is
　all-sufficient, under the Indeterminate Sentence Law.

Headnote 1: 16 C. J. p. 570. Headnote 2: 16 C. J. p. 1364. Headnote 3: 16 C. J. p. 1308 (Anno.)

Headnote 1: 59 L. R. A. 470; 8 R. C. L. 194; 10 R. C. L. 932.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER, Judge.

OCTOBER 25, 1927.

Defendant was charged by indictment with the crime of illegal possession of narcotic drugs. She was convicted, and sentenced to be committed to the women's reformatory for a period of ten years,. from which sentence she prosecutes this appeal.— *Affirmed.*

*Yeaman & Yeaman* and *Milchrist, Jepson, Marshall & Jepson,* for appellant.

*John Fletcher,* Attorney-general, *O. T. Naglestad,* County Attorney, and *Weir Murphy,* Assistant County Attorney, for appellee.

FAVILLE, J.—On or about the 7th day of May, 1926, the appellant and a woman companion were in a store in Sioux City. Detectives suspected the appellant's companion of having stolen

1. CRIMINAL LAW: evidence: evidence unlawfully obtained.

articles from the store. The two women were detained by the detectives, and taken back to the store and searched. No stolen goods were found upon the person of the appellant. A patrol wagon was called, and the women were taken to the jail. In the course of the transaction, one of the detectives grabbed the appellant by the. left hand, and squeezed it so as to cause pain therein, and required the appellant to open her hand. It was then discovered that she had concealed in her hand a handkerchief and a bottle containing 32.9 grains of morphine. The appellant was. a witness in her own behalf. She was 29 years of age, and admitted that she had been a drug addict for 7 years. The bottle of morphine was offered in evidence, over appellant's objection.

I. Appellant predicates error upon the admission in evidence of the bottle of morphine. It is the contention that the bottle was taken from the appellant by an unlawful search, and therefore was not admissible in evidence. It is conceded that the party taking the bottle from the custody of the appellant did so without a search warrant. The contention of the appellant is contrary to the holding of this court in *State v. Tonn,* 195 Iowa 94; *State v. Rowley,* 197 Iowa 977; *Lucia v. Utterback,* 197 Iowa 1181; *State v. Bogossian,* 198 Iowa 972; *Hammer v. Utterback,* 202 Iowa 50; *State v. Wenks,* 200 Iowa 669; *State v. Parenti,* 200 Iowa 333. The exhibit was admissible.

II. It is argued that the court erred in refusing to sustain the defendant's motion for a directed verdict. The evidence in the case was ample, not only to require the submission of the case to the jury, but to sustain the verdict predicated thereon. The court did not err in refusing to direct a verdict in behalf of the appellant.

III. It is contended that the punishment inflicted is excessive. The statute providing the penalty for violation of the act under which the appellant was indicted is as follows (Code of 1924, Section 3168):

"Any person violating any of the preceding provisions of this chapter shall be punished by imprisonment in the penitentiary for not more than ten years, or by a fine not to exceed one thousand dollars or by both such fine and imprisonment."

We are disposed to acquiesce in the view of the trial court that, under all the facts and circumstances of this case, a sentence of imprisonment in the women's reformatory was proper. Under the indeterminate sentence law (Section 13960, Code of 1924), when a person over sixteen years of age is convicted of a felony and the court imposes a sentence of confinement in the penitentiary or women's reformatory, the statute provides that the court shall not fix the limit or duration of the same, but that the term of imprisonment shall not exceed the maximum term provided by law for the crime. Under this statute, a sentence that the defendant "be imprisoned in the penitentiary according to law" is all that is required.

2. POISONS: unlawful possession: sentence.

3. CRIMINAL LAW: sentence: form.

"No reference whatever need be or should be made to a minimum or maximum period." *Adams v. Barr*, 154 Iowa 83.

See, also, *State v. Davenport*, 149 Iowa 294; *State v. Draden*, 199 Iowa 231.

The trial court, in imposing sentence, made of record a recommendation with regard to the parole of the appellant. The situation does not call for interference on our part, and the judgment of the district court is in all respects—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.