RALPH M. CAVE, ROBERT H. KEENER, Appellees, v. GLENN C. HAYNES, Warden, AND BOARD OF CONTROL, Appellants.

No. 43409.

1208

Edward L. O'Connor, Attorney General, and Lehan T. Ryan, Assistant Attorney General, for appellants.

Shaw & Yoder, for appellees.

ALBERT, J.—On the 7th of July, 1934, the plaintiffs separately pleaded guilty to an indictment charging entering a savings bank with intent to hold up and rob, in violation of section 13002 of the 1931 Code of Iowa. On the same date each defendant pleaded guilty, sentence was pronounced "that the defendants and each of them be imprisoned in the State Penitentiary at Fort Madison, Iowa, for a term of Thirty Years." They were transported to the penitentiary at Fort Madison, and entered on the books of that institution as sentenced "to life imprisonment". The purpose of this action is to command the change of this entry from "life imprisonment" to "a term of years not exceeding thirty".

There is much disputation in the briefs and arguments as to whether this form of action is proper, or whether the review should be by certiorari. We pass this question without expressing a view on it because of our conclusion in the case that, whichever route is traveled, the plaintiffs are not entitled to any relief.

Code section 13002 reads as follows:

"If any person shall enter or attempt to enter the premises of a bank or trust company or banking association, with intent to hold up and rob any bank or trust company or any banking

association, or any person or persons therein, or thought to be therein, of any money or currency or silver or gold or nickels or pennies or of anything of value belonging to said bank or trust company or banking association, or from any person or persons therein; or shall intimidate, injure, wound, or maim any person therein with intent to commit such holdup or 'stick-up' or robbery, he shall, upon conviction thereof, be imprisoned in the penitentiary at hard labor for life, or for any term not less than ten years.''

Section 13960 of the Code of 1931, reads as follows:

''When any person over sixteen years of age is convicted of a felony, except treason or murder, the court imposing a sentence of confinement in the penitentiary, men's or women's reformatory shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted.''

It will be noted from what has been heretofore pointed out that the court sentenced the defendants to be confined in the penitentiary for thirty years. It will also be noted that, under the last-above section, commonly referred to as the ''indeterminate sentence law'', the court is prohibited from fixing the limit or duration of the sentence in all cases except treason or murder.

The constitutionality of this indeterminate sentence law has been sustained in State v. Loos, 145 Iowa 170, 123 N. W. 962; State v. Ferguson, 149 Iowa 476, 128 N. W. 840; Ware v. Sanders, 146 Iowa 233, 124 N. W. 1081; State v. Duff, 144 Iowa 142, 122 N. W. 829, 24 L. R. A. (N. S.) 625, 138 Am. St. Rep. 269; Adams v. Barr, 154 Iowa 83, 134 N. W. 564; McKinnon v. Sanders, 161 Iowa 555, 143 N. W. 407.

It is insisted by the plaintiffs that because of the wording of the statute (section 13002) in providing a maximum penalty of life and a minimum penalty of ten years, the indeterminate sentence law is not applicable. With this we do not agree. Section 13960 provides but two exceptions, murder and treason. Later an additional exception was specially provided, excluding the crime of rape from the indeterminate sentence law. We think the purpose and intention of the legislature was exactly

what the statute says, to wit, that the indeterminate sentence law was to apply to all *felonies* except those especially excepted by the statute. It is true that this section is modified by section 13962 of the Code; but with this modification we are not interested in this case.

In the case of State v. Perkins, 143 Iowa 55, 59, 120 N. W. 62, 64, 21 L. R. A. (N. S.) 931, 20 Ann. Cas. 1217, the charge was adultery. The sentence was imprisonment ''at hard labor in the penitentiary for the term of one year.'' This was under a statute providing for a penalty of not more than three years, or a fine of not more than $300 and imprisonment in jail not more than one year. We held that this sentence was a plain disregard of the provisions of the indeterminate sentence law, and concluded that:

''The fixing of a shorter term by the court can not in our judgment affect the power of the board of parole to act in this case if it shall so determine. So that in any view of the matter the appellant has not been prejudiced by the erroneous judgment of the district court.''

In State v. Dillingham, 143 Iowa 282, 121 N. W. 1074, the sentence was ''five years in the penitentiary at Fort Madison''. We refused to reverse.

In State v. Duff, 144 Iowa 142, 122 N. W. 829, 24 L. R. A. (N. S.) 625, 138 Am. St. Rep. 269, the indictment was for aiding an escape from jail. The sentence was ''to the state penitentiary for ten years'', and it was approved. This was under a statute which provided for an alternate penalty of not exceeding ten years in the penitentiary or a fine and imprisonment in the county jail not exceeding one year.

In State v. Loos, 145 Iowa 170, 123 N. W. 962, the indictment was for perjury. The sentence under the indeterminate sentence law was approved.

In State v. Rozeboom, 145 Iowa 620, 630, 124 N. W. 783, 787, 29 L. R. A. (N. S.) 37, the defendant was convicted of larceny. The sentence was ''the extreme penalty of the law.'' We said:

''Under our present statute this objection is probably not one for the consideration of this court. It is to be presumed that the board of parole, in exercising the wide discretion given

it in such matters, will take into consideration the nature of the offense of which conviction has been had, and all the reasons, if any, for mitigating the extreme penalty imposed, and make such order as shall be required by the real merits of the case."

In Ware v. Sanders, 146 Iowa 233, 248, 124 N. W. 1081, 1086, the charge was false entry in the books, embezzlement, and fraudulent banking. A quite elaborate discussion is made in this case on the purpose of the indeterminate sentence law (ch. 192, Acts of the Thirty-second General Assembly), and we said:

"It is a matter of familiar recent history that the adoption of this new scheme of administering penal justice has been for years pressed upon the attention of the Legislature of the State as a very desirable reform. It was not intended so much as an amendment to the old system as the adoption of a new one, framed upon different plans and ideals. It was not intended to apply simply to one prison or to one class of offenders. No reason existed why the several hundred persons then in prison under the old law, and those who might yet be convicted thereunder, should be set apart as one class to whom the new law should have no manner of application, except the reason found in the constitutional restriction above referred to, which protected such persons from any increase in the punishment or penalty imposed upon them under the old law. The statute seems to have been carefully drawn with this thought in mind, and to have been made as broad, complete, and comprehensive as was practicable and avoid transgressing this provision of the fundamental law."

In this case the sentence was "confinement in the penitentiary at Fort Madison for a term of five years." The sentence was approved. The writ was, however, sustained because a duly executed parole was found to exist.

In State v. Davenport, 149 Iowa 294, 297, 128 N. W. 351, the defendant was convicted of burglary with aggravation, and was sentenced to imprisonment for life. The statute provided a penalty of "imprisonment for life or any term of years." We approved the sentence. We there said:

"He was but twenty-four years of age, and this circumstance may well be taken into account by the board of parole in dealing with him hereafter. The period of his incarceration will be meas-

ured largely by his future conduct. While the sentence was for a definite period contrary to the indeterminate sentence law, this will not interfere with the adjustment of punishment as prescribed therein. The case is not one for the interference by this court.''

In State v. Haines, 152 Iowa 394, 397, 132 N. W. 821, 823, the conviction was for larceny, and the sentence was for a term not exceeding five years. We there said:

''If the court had been at liberty under the law to exercise a discretion in the imposition of a sentence, and in the exercise of this discretion had imposed a sentence for the full limit of imprisonment authorized by the statute for such an offense, we should have been inclined to reduce the term of imprisonment on this appeal. Under the indeterminate sentence law the lower court had no such discretion, and we have no authority to interfere.''

In Adams v. Barr, 154 Iowa 83, 86, 134 N. W. 564, 565, we said:

''* * * that in imposing judgment of imprisonment, in the penitentiary in cases of the kind therein described, the court 'shall not fix the limit or duration of the same.' In other words, in such cases a judgment or sentence that the defendant 'be imprisoned in the penitentiary according to law' is all that is required, and whatever is added thereto is unauthorized and may be ignored as void or mere surplusage. No reference whatever need be or should be made to a minimum or maximum period. When the record shows the offense of which he has been convicted, and that he is adjudged to suffer imprisonment in the penitentiary, the statute controls the period or term of his restraint, and it is to this statute, and not to the mittimus, to which the warden must look to ascertain the period of time for which he may keep him in custody.''

In the case of State v. Sego, 161 Iowa 71, 140 N. W. 802, the charge was robbery. The sentence was an indeterminate sentence not exceeding fifteen years. We refused to reverse on account of the sentence.

In McKinnon v. Sanders, 161 Iowa 555, 558, 143 N. W. 407, 408, the action was in habeas corpus. The crime was having carnal knowledge of an idiot. In this case we said:

"It is within the power of the Legislature to fix the penalty for crime. It is equally within its power to provide, as to any class of cases, that persons sentenced to imprisonment may under certain conditions have privileges not accorded to others, and also to provide that sentences shall be indeterminate. All this the Legislature has done, and it has been repeatedly held by this court that, in passing sentence in all cases save of convictions for treason and murder [and rape], the court has not the power to fix a definite maximum period, as such is done by statute. * * * The trial court was without the right to fix a definite period, and, recognizing this, pronounced that to which the automatic application of the indeterminate sentence law gave legal force as a judgment."

The penalty for this crime (under section 12967 of the Code) is imprisonment for life or any term of years.

This same holding is made in State v. Draden, 199 Iowa 231, 199 N. W. 991.

In the case of State v. Sayles, 173 Iowa 374, 383, 155 N. W. 837, 840, the conviction was for murder in the second degree. The sentence was: "at hard labor for an indeterminate period, as provided by law for the crime of murder in the second degree." We said:

"But there is no provision in the indeterminate sentence law for the punishment of the crime of murder; for murder is expressly excepted from the operation thereof. The penalty prescribed for murder in the second degree is 'imprisonment in the penitentiary for life, or for a term not less than ten years'; and the sentence should have been for a definite period. It was merely to the penitentiary, without the term's being defined."

This court, under the circumstances, and under the provisions of section 5462 of the Code of 1897, fixed the sentence at ten years.

In State v. Boyd, 195 Iowa 1091, 1095, 191 N. W. 84, 87, the charge was receiving stolen property. The sentence was to the penitentiary for the full term of five years, which was the maximum sentence under the statute. We said:

"Our indeterminate sentence law takes care of that feature of the judgment, and any penalty imposed, where the offense comes under the indeterminate sentence law, as in the instant

case, is superfluous and unnecessary. Defendant's stay in the penitentiary, if he goes there, will neither be prolonged nor shortened by reason of the statement made in the judgment of the trial court."

In the case of Brown v. Hollowell, 197 Iowa 1352, 199 N. W. 257, the action was in habeas corpus. The charge was breaking and entering a railway car with the intent to commit a public offense. The sentence was "to the reformatory at Anamosa, for a period not to exceed five years." We held the sentence sufficient.

In State v. Giles, 200 Iowa 1232, 1233, 206 N. W. 133, 134, 42 A. L. R. 1496, the charge was operating a motor vehicle while intoxicated. We there said:

"The court imposed upon the defendant an indeterminate sentence, under the statute, not to exceed one year in the penitentiary. The only discretion the court had was to choose between a penitentiary sentence, on the one hand, and a fine and imprisonment in the county jail, on the other. Having fixed upon a penitentiary sentence, the court had no power, under the statute, to fix any term other than an indeterminate one. We think the penitentiary sentence was proper. Under the statute, its duration will depend upon the discretion of the board of parole."

In State v. Overbay, 201 Iowa 758, 760, 206 N. W. 634, 635, the charge was operating an automobile while intoxicated. The sentence was to the penitentiary for a term not exceeding one year. We said:

"The punishment imposed was the maximum, but the sentence was *indeterminate*. It is therefore beyond our power to reduce the term. What we have said in State v. Giles, 200 Iowa 1232, 206 N. W. 133, is applicable here."

In the case of State v. Korth, 204 Iowa 667, 669, 215 N. W. 706, 707, the charge was illegal possession of narcotic drugs. The sentence was to the women's reformatory for a period of ten years. We said:

"Under the indeterminate sentence law, when a person over sixteen years of age is convicted of a felony and the court imposes a sentence of confinement in the penitentiary or women's

reformatory, the statute provides that the court shall not fix the limit or duration of the same, but that the term of imprisonment shall not exceed the maximum term provided by law for the crime. Under this statute, a sentence that the defendant 'be imprisoned in the penitentiary according to law' is all that is required. 'No reference whatever need be or should be made to a minimum or maximum period.' Adams v. Barr, 154 Iowa 83, 134 N. W. 564.''

Under the section of the statute under which the defendant was convicted, the penalty was:

''Any person violating any of the preceding provisions of this chapter shall be punished by imprisonment in the penitentiary for not more than ten years, or by a fine not to exceed one thousand dollars or by both such fine and imprisonment.''

In the case of State v. Bird, 207 Iowa 212, 218, 220 N. W. 110, 113, the charge was forgery, and the sentence was for ten years. We said:

''The sentence, however, was under the Indeterminate Sentence Law, and did not exceed the maximum. The length of the imprisonment and the granting of a parole or pardon are under the control of the board of parole and the governor, and the sentence for the maximum is not now open to the objection here made to it.''

The penalty provided by section 13139 of the Code for the crime charged was:

''* * * he shall be imprisoned in the penitentiary not more than ten years or imprisoned in the county jail not exceeding one year, or fined not exceeding one thousand dollars.''

In State v. Hixson, 208 Iowa 1233, 1238, 227 N. W. 166, 168, the crime charged was false pretenses. The sentence was ''to the penitentiary, for an indeterminate period not exceeding seven years.'' We said:

''The defendant was sentenced under the Indeterminate Sentence Law. The period of time which the defendant will serve in the penitentiary is dependent upon the subsequent action taken by the board of parole.''

The penalty for the crime charged (under section 13045 of the Code) was:

"* * * imprisoned in the penitentiary not more than seven years, or be fined not exceeding five hundred dollars, or be imprisoned in the county jail not exceeding one year, or be punished by both such fine and imprisonment."

In State v. Bingaman, 210 Iowa 160, 166, 230 N. W. 394, 397, the charge was assault with intent to commit murder. We there reaffirmed the Korth case, supra, and approved the statement therein:

"No reference whatever need be or should be made to a minimum or maximum period."

Also the Bird case, supra:

"The length of the imprisonment and the granting of a parole or pardon are under the control of the board of parole and the governor, and the sentence for the maximum is not now open to the objection here made to it."

In the case of State v. Christofferson, 215 Iowa 1282, 1287, 247 N. W. 819, 822, the charge was breaking and entering a railroad car. The sentence was ten years in the penitentiary, under section 13001 of the Code. The penalty provided was:

"* * * in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year."

We there said:

"Under the present state of our law the trial court has no such discretion. He is required to impose an indeterminate sentence. The power of discretion is conferred exclusively upon the board of parole. * * * The power of discretion, which is withheld from the trial court under the statute, is likewise withheld from us as an appellate court."

In the case of State v. Hammond, 217 Iowa 227, 229, 251 N. W. 95, 96, the charge was breaking and entering a railroad depot. The sentence was to a term of imprisonment not to exceed ten years. We said:

"* * * the limit or duration of a term of imprisonment is not fixed by the court."

We have reviewed all the cases decided under the indeterminate sentence law since its passage, and conclude, from the wording of the law and our pronouncements under it, that:

1. Except in cases of treason, murder, or rape, the district court has no power of fixing or limiting the time of confinement; and,

2. In case the sentence does recite confinement for a certain term of years, or limits the confinement to a certain term of years less than the maximum period provided by the statute under which the conviction is had, the same is surplusage and of no effect.

These rules cover all convictions for felonies where the defendant is over sixteen years of age, and where he is sentenced to the penitentiary or the men's or women's reformatory; and in determining the length of sentence in such cases, the district court pronouncing the sentence has no discretion, and no right to state a maximum or minimum time of confinement; except that, under Code section 13962, the court has a discretion as therein provided, said section reading as follows:

"Where one is convicted of a felony that is punishable by imprisonment in the penitentiary, or by fine, or by imprisonment in the county jail, or both, the court may impose the lighter sentence if it shall so elect."

As heretofore shown, when, under this section, the court elects to award a penitentiary sentence, it comes squarely under the indeterminate sentence law.

That we are in line with our sister states on this question of the indeterminate sentence law, see Ex parte Setters, 23 Idaho 270, 128 P. 1111; In re Melosevich, 36 Nev. 67, 133 P. 57; Ex parte Duff, 141 Mich. 623, 105 N. W. 138; Ex parte Evans, 173 Mich. 25, 138 N. W. 276.

The point most urged on our attention in this case is that the statute under which these plaintiffs were convicted provides a maximum and a minimum sentence, and therefore the court was in duty bound to fix the sentence as it did at a definite period of time, to wit, thirty years. We do not think that this fact changes the general rule heretofore announced by this court, that

the court is not empowered to fix the maximum or the minimum sentence in a case of this kind even though the statute does provide maximum and minimum penalties. To so hold would totally disregard the very theory and purpose of the indeterminate sentence law. The warden holds the prisoner under the sentence imposed by the court. When the court sentences him to confinement in the penitentiary the warden is furnished a copy of such sentence. The time that he holds the prisoner is determined by him from the statute of the state, which provides the penalty for the crime charged, and he is not bound by the recitations of the sentence where an attempt is made therein to fix the time of the confinement. He has a right, for his own guidance, to note on the books of the penitentiary the time that the law requires the prisoner to be kept. He having done so in the instant case, and having specified on said books the proper length of time for which the prisoners are to be kept, under the statutes of the state, there is no warrant or authority to compel him to change his record.

The district court, having held otherwise, was in error.—Reversed.

DONEGAN, C. J., and ANDERSON, PARSONS, HAMILTON, and STIGER, JJ., concur.