State of Iowa, Appellee, v. Lee Bingaman, Appellant.

No. 39560.

APRIL 14, 1930.

*Lappen & Carlson, Wade P. Clarke, Faa O. Ross,* and *Sam Beber,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *Whitney Gillilland,* County Attorney, and *Cook & Cook,* for appellee.

KINDIG, J.—According to the record, the defendant-appellant, Lee Bingaman, was indicted in Mills County, Iowa, on December 13, 1927, for unlawfully, willfully, and feloniously making "an assault upon Edward Piper * * *, with intent then and there with * * * (a) shotgun * * * unlawfully, feloniously, and with malice aforethought to kill and murder the said Edward Piper."

The assault, according to the indictment, was made on October 30, 1927. This was the evening before Halloween. Edward Piper, the prosecuting witness, was 15 years of age, and his

162

associates hereinafter referred to were about as old as he. There were ten boys in a crowd which was contemplating the customary Halloween mischief. This group consisted of the prosecuting witness and his associates before mentioned. Appellant used a 12-gauge shotgun, loaded with BB shot, to prevent, as he alleges, the destruction of certain small buildings by the prosecuting witness, Edward Piper, and his said associates, who, in accordance with the aforesaid designs, were carrying out the Halloween pranks. It is claimed by the State that these boys, at about 9 or 10 o'clock in the nighttime, walked down the sidewalk on the south side of a lot, which property faced the east, and was owned by the appellant, or his father, in Malvern. When the boys reached the north and south alley past this property, they proceeded northward through that public way a short distance, and stopped near a ''cob shed and [an] outhouse situated on the back end of the Bingaman property.'' At this place they engaged in conversation concerning their intention ''to turn over the buildings.''

During this time, the appellant was hidden on the Bingaman lot, about 90 feet to the east, and heard the boys talking about ''turning over the [small] buildings.'' Thereupon, appellant commenced firing the shotgun. As a result of the shooting, Edward Piper, the prosecuting witness, and three of the other boys were severely and dangerously wounded.

Claim is made by the appellant that he simply shot to scare the boys, and did not aim at them. He further contends that the gun was pointed to the southwest, a direction in which he thought no boys were located. On the other hand, the State asserts that several shots were fired, although the boys commenced to flee when the shooting first began. Furthermore, it is contended by the State that the shooting was without warning of any kind, and that the prosecuting witness, Edward Piper, was struck by the shot when he was running northward in the alley, while the other boys were hit when they were rapidly fleeing southward across the street in the opposite direction. Said wounds were not received from the first, but rather from subsequent discharges of the shotgun. So, although the boys were fleeing from the property because of the first alarm, the appellant, nevertheless, continued shooting until he finally struck them.

Continuing his defense, however, the appellant urges that

the shooting was merely accidental, and not in any way malicious, or with an intent to kill.

Many complaints about the admission of evidence and instructions are made by the appellant, and argued. These will now be considered in the following order.

I. First, appellant says that the record contains no evidence showing that the shooting was maliciously done. Throughout the record there is ample evidence to support the jury's conclusion that the shooting was malicious, and, although the appellant claims otherwise, we cannot, after said verdict, interfere with the result in this regard.

II. Complaint is also made by the appellant because the trial court did not properly present to the jury his theory that the shooting was merely accidental.

An examination of the court's instructions indicates the jury were continually told that neither assault with intent to commit murder nor any of the included offenses were proven if  the shooting was due to mere accident. But the appellant maintains that the instructions were not elaborate enough, and at places were inconsistent in this regard. There is a bar to our further review of this claim by appellant. It is that the instructions were not objected to upon this basis in the district court. No such claim was there made, and the trial court was given no opportunity to correct the error, if one existed. Concerning a similar proposition, we said, in *State v. Bamsey,* 208 Iowa 796:

"It appears that appellant did not properly raise this issue in the court below. Therefore we are not permitted to pass upon it here. * * * Section 13876 of the 1927 Code provides: 'The rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions.' By referring to the law relating to civil trials, it is found that Section 11495 of the 1927 Code contains this language: 'Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court may allow, and may include the same or any part thereof in a motion for a new

trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused and the grounds of such exceptions.' Generalities are not enough. Specific error or irregularity must be called to the attention of the trial court. If this is done, that tribunal has an opportunity to make the correction, and it must be presumed he will do so, if mistake appears. Exceptions cannot be made in this court for the first time. *Anthony v. O'Brien,* 188 Iowa 802; *State v. Burch,* 202 Iowa 348; *State v. Vandewater,* 203 Iowa 94. *State v. Vandewater,* supra, treats the subject in this way: 'At the outset, it is pertinent to inquire into the meaning and sufficiency of these assignments, for the purposes of this appeal. Clearly, they are not specific, but quite general in character * * *. The trial court was not advised of the specific errors claimed, by anything contained in the motion for new trial * * *. The trial judge should not be foreclosed in this manner. He was not afforded an opportunity to rule or correct the error which is now argued in this court. * * * The defendant in a criminal case waives error on appeal in every instance where a proper exception is not taken below. * * * Counsel in a criminal case is under obligation to make his objections as specific and definite as is required in a civil case, in order to present a question of law for consideration upon appeal.' ''

Further discussion is not necessary, in view of the excerpt from the *Bamsey* case above quoted.

Because the matters now argued were not presented in any way to the district court, they cannot be considered by us.

III. Again, appellant predicates a ground for reversal upon the fact that the district court did not instruct the jury concerning the appellant's right to use a shotgun for the protection of his property, in accordance with the rule announced in *State v. Metcalfe,* 203 Iowa 155. Something was said by the district court in the instructions concerning such subject-matter, but whether appellant's complaint is well founded we cannot now determine, for the reason above suggested, that the proposition was not raised in the trial court. What was said regarding this in the preceding proposition is, by reference, repeated here.

IV. Moreover, appellant asserts that the district court did not properly explain the necessity that there be malice afore-

thought before the appellant could be convicted of assault with intent to commit murder. To put the thought in another way, appellant argues that such malice aforethought is not necessary, in the crime of assault with intent to commit manslaughter. Distinction between the two, appellant insists, was not made in the instructions.

A review of the instructions reveals that the trial court did tell the jury that, in order to convict the defendant of the offense charged in the indictment, it was necessary that the State prove the shooting was done "with malice aforethought." When defining the included offenses (intent to commit manslaughter, and lesser offenses), the district court omitted the element of "malice aforethought." Whether at any place the instructions should have been more elaborate, or otherwise different, we do not now determine, for the reason that this question was not raised in the trial court.

Hence, for the reasons previously indicated, the point cannot be raised here. Exceptions to the instructions made by appellant in the trial court are not argued or relied upon by him for a reversal in this court.

V. Suggestion is made by the appellant that the court erred in the admission of certain evidence relating to the injuries received by some of the other boys who were with the prosecuting  witness upon the occasion in question. Such evidence, the appellant contends, was immaterial and prejudicial. At the trial below, as well as during the presentation in this court, the appellant maintained that the shooting was accidental; that he did not aim at the prosecuting witness; and that the only purpose of the shooting was to scare the children away. In order to prove the offense charged, it was necessary for the State to show that the appellant did shoot with malice aforethought, and with the intent to commit murder. Circumstantial, as well as direct, evidence is admissible to meet the required proof in that regard. *State v. Solomon*, 203 Iowa 954. Consequently, the State could properly show, as it did, that the defendant shot not only in one direction, as he claimed, but also in different directions, and that the shooting was aimed at the various places where the boys were running. This circumstance would tend to indicate that the injury to the prosecuting witness

was intentional, and inflicted as deliberately designed by the appellant.

With this evidence before them, the jury would have a basis of finding that the wounds on the prosecuting witness were not accidentally caused, as appellant claimed.

VI. Finally, it is asserted that the penalty imposed was too severe, and because thereof we should reduce the same.

The penalty for assault with intent to commit murder is fixed by statute, under the Indeterminate Sentence Law. Section 12915 of the 1927 Code provides:

"If any person assault another with intent to commit murder, he shall be imprisoned in the penitentiary not exceeding thirty years."

Supplemental of the foregoing section is Section 13960 of the 1927 Code, reading as follows:

"When any person over sixteen years of age is convicted of a felony, except treason or murder, the court imposing a sentence of confinement in the penitentiary, men's or women's reformatory shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted."

Appellant was more than 16 years of age. While discussing the last-named Code section, we said, in *State v. Korth,* 204 Iowa 667, on page 669:

"Under this statute [Section 13960], a sentence that the defendant 'be imprisoned in the penitentiary according to law' is all that is required. 'No reference whatever need be or should be made to a minimum or maximum period.' "

Likewise, in *State v. Bird,* 207 Iowa 212, we declared:

"The sentence was for 10 years, and defendant complains that this is excessive. The sentence, however, was under the Indeterminate Sentence Law (Code of 1924, Section 13960), and did not exceed the maximum * * *. The length of the imprisonment and the granting of a parole or pardon are under the control of the board of parole and the governor, and the sentence

for the maximum is not now open to the objection here made to it.''

Therefore the court has no discretion in the premises.

Because the appellant has suggested no reversible error, the judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.