**STATE of Iowa, Appellee,**

v.

**Willie B. BARNEY, Appellant.**

**No. 58764.**

Supreme Court of Iowa.

July 30, 1976.

Walter W. Rothchild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and David H. Correll, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of assault with intent to commit murder in violation of § 690.6, The Code. The appeal challenges a ruling of the trial court which excluded defendant's offer of psychiatric testimony offered under a theory of diminished responsibility. We agree with defendant that he should have been allowed to introduce this testimony to negate the State's evidence of intent. Accordingly we reverse the trial court and remand the case for a new trial.

On March 6, 1975 Willie B. Barney (defendant) and Hubert Mabry exchanged words in a Waterloo tavern. The agreed statement of the case indicates the subject of their controversy concerned "the relative merits of black and white women." Defendant shot Mabry three times, two bullets hitting Mabry in the right chest and one in the right armpit. There is no indication Mabry was armed.

Prior to trial the State filed a motion in limine which the trial court sustained. The motion in part sought to exclude defense testimony relating to a psychiatric evaluation of defendant. The State argued the evidence would not establish insanity and that diminished responsibility was not recognized in Iowa. At trial defendant made an offer of proof of the testimony of Dr. Chester Janas, a practicing psychiatrist. According to the offer of proof the psychiatrist would testify defendant suffered from a condition called psychogenic, often called traumatic, amnesia. The condition results from a person's inability to handle the emotions his memories produce. The doctor believed, on the basis of his examination, defendant was not acting out of any premeditation, deliberation or willfulness. Neither was he acting with any malice. The doctor would have testified defendant was acting from an acute emotional fear response. The doctor did not feel defendant intended to murder Mabry or anyone else on the day in question. The offer of proof contained an extensive description of defendant's mental condition and a psychiatric explanation of his behavior.

Defendant points out one of the elements the State had to prove was a "specific intent to kill the victim." From this defendant argues he should have been able to show he was mentally incapable at the time of the shooting of forming a specific intent to kill.

He notes we have previously recognized diminished responsibility as a defense in a prosecution for first-degree murder. *State*

*v. Gramenz*, 256 Iowa 134, 126 N.W.2d 285 (1964). He cites cases from other jurisdictions which also recognize diminished responsibility as a defense in crimes in which a specific intent is an element: *People v. Taylor*, 220 Cal.App.2d 212, 33 Cal.Rptr. 654 (1963) (entering a building with intent to commit theft); *People v. Wells*, 33 Cal.2d 330, 202 P.2d 53 (1959), cert. denied, 338 U.S. 836, 70 S.Ct. 43, 94 L.Ed. 510 (assault on prison guard with malice aforethought); *Schwickrath v. People*, 159 Colo. 390, 411 P.2d 961 (1966) (felonious escape); *People v. Colavecchio*, 11 A.D.2d 161, 202 N.Y.S.2d 119 (1960) (common-law larceny); *State v. Welsh*, 8 Wash.App. 719, 508 P.2d 1041 (1973) (second-degree assault).

The State points out our application of diminished responsibility has so far been limited to a first-degree murder case. The State also points to our holdings which accord the trial court considerable discretion on the question of the admissibility of opinion evidence.

■ I. Defendant was charged with and convicted of assault with intent to commit murder. Accordingly a specific intent to kill is an essential element of the crime with which he was charged. *State of Iowa v. Hoot*, 120 Iowa 238, 243, 94 N.W. 564, 566 (1903). See *State v. Baker*, 246 Iowa 215, 227, 66 N.W.2d 303, 310 (1954); *State v. Bingaman*, 210 Iowa 160, 165, 230 N.W. 394, 396–397 (1930); 40 Am.Jur.2d, Homicide, § 578, p. 838; 40 C.J.S. Homicide § 79a, p. 942. The trial court properly instructed the State had to prove the assault was "with the intent to take the life of Hubert Mabry."

Proof of a mere general felonious intent will not suffice; the crime charged requires a specific intent. 40 Am.Jur.2d, Homicide, § 578, p. 839. See 22 C.J.S. Criminal Law § 32, pp. 115–118. In this and various other statutory assault offenses the particular intent to be ascribed the assailant is the very "gist" of the crime. *Baker*, supra, 246 Iowa at 227, 66 N.W.2d at 310. See *State v. Wilson*, 234 Iowa 60, 76, 11 N.W.2d 737, 745 (1943) (homicide-intoxication defense). See

also 6A C.J.S. Assault and Battery § 67, p. 438.

■ Because the specific intent is of such crucial importance as to be the "gist" of the crime we believe it follows defendant should have been allowed to introduce evidence to negate it. In *Gramenz*, supra, 256 Iowa at 141, 126 N.W.2d at 289, we quoted from and extensively relied upon the California case of *People v. Wells*, supra. *Wells* was an assault case and it is certainly no indication diminished responsibility is a defense available only in murder cases.

Later in *People v. McDowell*, 69 Cal.2d 737, 73 Cal.Rptr. 1, 447 P.2d 97 (1968) the California Supreme Court reversed a conviction of two counts of robbery, assault by means of force likely to produce great bodily harm, burglary, and murder because of ineffective counsel. The ineffective representation relied upon was that the defense counsel did not know mental abnormality, not amounting to legal insanity, was admissible on a theory of diminished responsibility.

■ We agree evidence of diminished responsibility should be admissible as a defense in any crime which requires proof of a specific intent as an element. See generally Annot., 22 A.L.R.3d 1228.

II. In an attempt to save the conviction the State alternatively points to our decisions which accord a trial court considerable discretion in admitting expert testimony. *State v. Hummell*, 228 N.W.2d 77 (Iowa 1975); *State v. Peterson*, 219 N.W.2d 665 (Iowa 1974); *Fischer, Inc. v. Standard Brands, Inc.*, 204 N.W.2d 579 (Iowa 1973).

■ It is true a trial court does have considerable discretion in disputes over the admissibility of expert testimony. However the rule has no application to this appeal. The principle is addressed to disputes over whether someone properly qualifies as an expert, whether a subject is a proper subject for expert testimony, or whether a sufficient foundation has been laid. See generally *Dougherty v. Boyken*, 261 Iowa 602, 155 N.W.2d 488 (1968). The discretion accorded a trial court in matters

of expert testimony will not justify improper denial of a defense the law accords one accused of a crime.

Here there is no question of Dr. Janas's professional qualifications or that a sufficient foundation was laid. Our holding in *Gramenz* makes it clear the subject which was excluded is an appropriate one for expert testimony. Exclusion of that testimony necessitates a reversal.

REVERSED AND REMANDED.