Robert J. Kromminga of Kromminga & Birkenholz, West Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., for appellee.

Heard by OXBERGER, C. J., and SNELL, CARTER, and JOHNSON, JJ.

**STATE of Iowa, Appellee,**

v.

**Oscar GADDY, Jr., Appellant.**

**No. 64036.**

Court of Appeals of Iowa.

April 21, 1981.

OXBERGER, Chief Judge.

Defendant, Oscar Gaddy, Jr., appeals his conviction of willful injury in violation of section 708.4, Supplement to the Code 1977. We affirm.

Gaddy attacked the victim, Guy Pollard, in the victim's home after seeking permission to use the phone. Gaddy and Pollard had been acquainted for over seven years and neither testified to any argument or hard feelings between them. Gaddy had recently been divorced and testified he was under a lot of pressure during this time. Pollard testified that during the attack Gaddy stated, "I'm doing this in the name of the Lord. I'm going to kill you, God damn you." Gaddy ceased the attack and left Pollard's residence. Gaddy testified he did not remember the incident nor could he recall any reason for him to act out in that manner.

Prior to trial Gaddy gave notice of his reliance on the defense of diminished responsibility/insanity. At the close of evidence, Gaddy requested the Uniform Jury Instruction defining diminished responsibility. The trial court denied this request and opined there was no evidence in the record defendant was suffering from a diseased or

deranged mind to such an extent as to be unable to distinguish right from wrong. Defendant argues this ruling was incorrect because it improperly applied the standard for insanity. We have recognized the defense of diminished responsibility in this state since *State v. Gramenz*, 256 Iowa 134, 126 N.W.2d 285 (1964). However, the term "diminished responsibility" is a misnomer. The defense does not lessen a person's culpability for his actions but merely serves to allow evidence of a mental condition for the purpose of determining whether a particular offense, in this case willful injury, was committed. Even though the court in *Gramenz*, and later in *State v. Barney*, 244 N.W.2d 316 (Iowa 1976), used the term "diminished responsibility," it becomes evident upon closer examination that in fact the court was not reducing the defendants' culpability because of the mental conditions. The court in *Gramenz* and *Barney* determined the jury could consider evidence of a defendant's mental condition as it related to elements of the state's charge. In both cases, the evidence negated the required specific intent. This did not mean the defendants were less responsible because of the mental conditions. They simply did not commit the crime charged because the mental conditions caused an inability to form the intent required in the charge.

In *State v. Harkness*, 160 N.W.2d 324 (Iowa 1968), the court rejected what defendant in this case is seeking—the defense articulated in the term itself, diminished, meaning less, responsibility. The court in *Harkness* stated:

> "The adoption of the ALI standard would be a substantive new rule in Iowa extending absolute immunity from criminal responsibility to persons who, although capable of understanding the nature and quality of the acts (the ability to distinguish between right and wrong), are unable to control their own behavior as a result of mental disease or defect."

*Id.* at 336. The court refused to adopt this standard.

In this case, defendant was not entitled to an instruction allowing a mitigation of criminal responsibility due to some mental condition not constituting insanity because such is not the law in Iowa. Defendant does not contend evidence was excluded concerning his mental condition that pertained to his capacity to form the specific intent. Neither does he assert he was not allowed to argue to the jury that he lacked the specific intent. Furthermore, defendant does not contend the jury was improperly instructed as to the state's burden to prove specific intent.

 In summary, evidence of a mental disorder not constituting insanity is directed to the element of specific intent and cannot be relied upon to reduce the actor's culpability. Finding the law properly applied, we affirm the trial court.

AFFIRMED.